UNITED STATES TRUST COMPANY OF NEW YORK, Appellant, v. THEODORE M. ROCHE, Individually and as Trustee, etc., Impleaded, etc., et al., Respondents.

Under and by a contract in contemplation of marriage F. conveyed an undivided one-half of certain real estate to one T., in trust for the benefit of S., the income to be applied to her benefit during life, and upon her death, in case there should be living issue of the marriage, the trust estate to be , sold and the proceeds divided among such issue. On November 17, 1858, F. and S. intermarried and the marriage settlement was duly recorded. From 1871 to 1880 T. was agent for the owners of the one-half of said real estate not held by him in trust. During those years he omitted to pay the taxes on the whole property and the water rates for several years. In July, 1881, the whole property was advertised for sale for the purpose of collecting said arrears, and thereupon T. and F. and his wife jointly petitioned the Supreme Court for leave to borrow on mortgage sufficient to pay one-half of said arrears and the expenses of obtaining the loan. At that time F. and S. had two infant children, for whom a guardian *ad litem* was appointed in the matter, and an order was made granting the prayer of the petition. On October 5, 1881, plaintiff loaned the amount required, taking the trustee's bond therefor, secured by mortgage on the trust estate, executed by said trustee and by F. and his wife. In an action to foreclose the mortgage, in which the trustee, F. and his wife and the owners of the other undivided one-half of said property were made parties defendant, the only surviving child of said marriage, who is of full age, was not made a party, it was claimed that the mortgage, not being authorized by the trust deed, was void under the statute existing at the time of its execution. (1 R. S. 730, § 65, before its amendment by chapter 275, Laws of 1882, chapter 26, Laws of 1884, and chapter 757, Laws of 1884.) *Held,* untenable; that, assuming the neglect of the trustee to pay the taxes out of the income of the trust estate was a devastavit, plaintiff was in no way connected therewith; that the execution of the mortgage was not in contravention of, but in furtherance of the trust, it having been executed for the preservation of the trust estate and the interests of the beneficiaries; and, therefore, they cannot defeat the foreclosure.

*Cruger* v. *Jones* (18 Barb. 467); *Douglas* v. *Cruger* (80 N. Y. 15) and *Lent* v. *Howard* (89 id. 169) distinguished.

Also, *held,* that the interest of F.'s son in the mortgaged property being contingent upon his surviving his mother, he had no vested legal estate in or lien upon the premises, or a vested interest in the avails when converted into money, and so was not a necessary party to the action.

*United States Trust Company* v. *Roche* (41 Hun, 549) reversed.

(Argued June 11, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 15, 1886, which reversed a judgment entered on a decision of the court on trial at Special Term.

This action was brought for the foreclosure of a mortgage. On the 10th day of November, 1858, James A. Foster was the owner in fee of an undivided half of five lots, Nos. 40, 42 and 44 Bond street, and Nos. 43 and 47 Great Jones street, in the city of New York. At that date he, Anna S. Stagg and Charles H. Town, in consideration of the then intended marriage of said Foster and said Anna S., entered into a tripartite contract, under seal, whereby Foster conveyed said undivided half of the real estate to Charles H. Town: "Upon trust, to receive the rents and profits of the said moiety and share of the said premises from time to time during the life of the said party of the third part (Anna S.), and apply the same to the benefit of, or pay the same into the hands of, her, the said party of the third part (Anna S.), for her own use and benefit, free from the debts, control and engagements of the said party of the first part (James A. Foster), and so that her receipt alone shall be a discharge from the same, and from and after the decease of the party of the third part (Anna S.), and in case there shall at any time be any living issue of such marriage, then, upon trust, to sell all and every such moiety and share of the said premises, * * * and pay and divide the purchase-moneys to and among all such issue equally, if more than one child, and if only one child, then to that one child, with power to invest the share of each child during minority on bonds and mortgages of improved real estate, or government or state stocks, and apply the income and interest towards the comfort, maintenance and advancement of such child or children until they, respectively, come of age, and as and when that, respectively, happens, then each child is to take its share of such invested property, with benefit of survivorship in the meantime between them; but if there be no living issue of such marriage at the time of the decease of the said party of the third

part (Anna S.), then, upon trust, to convey the said moiety and share of the said premises, with the appurtenances, back unto and to the use of the said party of the first part (James A. Foster), his heirs and assigns, forever.

"And, also, if there should be such issue, and they should all die in the lifetime of the party of the third part (Anna S.), or ever afterwards, without attaining the age of twenty-one years, then upon trust to convey the said moiety and share of the said premises, with the said appurtenances, unto and to the use of the said party of the first part (James A. Foster), his heirs and assigns, or, if sold, then transfer and pay over avails (whether invested or not), into and to the use of the said party of the first part (James A. Foster), his executors, administrators and assigns ; but if the said party of the first part (James A. Foster), shall die in the lifetime of the said party of the third part (Anna S.), and no issue of such marriage shall survive her, the said party of the third part (Anna S.), then upon trust to convey the said moiety or share of the said premises unto and to the use of the said party of the third part (Anna S.), her heirs and assigns, or, if the same shall have been turned into money, then pay such avails unto her absolutely for her own use and benefit forever. * * *

"Also, it is hereby declared and agreed that if the said party of the second part (the trustee), shall die or become incapable from any other cause or desire to withdraw from the trusts herein, then the party of the first part (James A. Foster), if alive, or the party of the third part (Anna S., in case of his death), shall have power, in writing, to nominate and appoint another trustee, who shall thereupon be vested with all the unperformed trusts and powers of the original trustee. * * *

"And that the present and any future trustee may from time to time deduct and retain in his hands and reimburse himself out of all or any of the moneys which, by virtue of these presents, or any of the trusts aforesaid, shall come to his hands, all such costs, charges and expenses as he may pay, expend or be put to, unto, in or about, or relating to any of the trusts aforesaid, or otherwise relating to or in consequence of these presents."

November 17, 1858, said Foster and Anna S. intermarried, and on the same day the marriage settlement was recorded in the office of the register of deeds of the city and county of New York. From 1871 to 1880, inclusive, Charles H. Town was the agent for the owner of the half of said real estate not held by him under trust, and he omitted to pay the taxes assessed on the whole property during those years, and also omitted to pay the water rents assessed thereon in 1870, 1871, 1872, 1875 and 1876, which taxes and water rents amounted, inclusive of interest, to $19,382.97, one-half of which ($9,691.48) was equitably chargeable to each moiety of said property. In July, 1881, the city advertised that the whole property would be sold for the purpose of collecting said arrears, and thereupon said trustee, James A. Foster, and Anna S. jointly petitioned the Supreme Court for leave to borrow sufficient money on mortgage to pay said arrears, interest and expenses, together with the expenses of obtaining the loan. At this date James A. Foster and Anna S. had two infant children, for whom a guardian *ad litem* was appointed to take charge of their interests in the matter of said petition. A reference was ordered to ascertain and report the facts, and on the coming in of the report an order was entered, September 9, 1881, granting the prayer of the petition and directing that a mortgage be given for an amount sufficient to pay the following sums:

| | | |
|---|---:|---:|
| For the services of attorneys for the petitioners, | $400 | 00 |
| For their disbursements .................... | 42 | 97 |
| For the services of the guardian *ad litem* ..... | 200 | 00 |
| For the principal sum due the city for taxes and water rates ............................ | 9,691 | 48 |
| For interest on $9,691.48 and expenses of advertising ................................ | 3,836 | 88 |
| For the charges of Trust Company for examining title ................................... | 297 | 25 |
| Total ................................ | $14,468 | 58 |

On the 5th of October, 1881, the plaintiff loaned $14,450, taking the bond of the trustee, conditioned for the payment of the sum November 1, 1884, with interest at five per cent, payable semi-annually, and, as collateral thereto, said trustee, James A. Foster, and Anna S. Foster, executed a mortgage upon the trust estate, conditioned for the payment of said sum, as provided in the bond. July 2, 1883, the trustee having resigned his trust, Theodore M. Roche was, pursuant to the provision of the marriage settlement above quoted, appointed trustee in his stead and entered upon the discharge of his duties. No part of the sum secured by the bond and mortgage has been paid, except the interest to November 1, 1884, and March 5, 1885, this action was begun to foreclose the mortgage. James C. Foster, the only surviving child of James A. and Anna S. Foster, is of full age, resides in the city of New York, but is not a party to this action. Theodore M. Roche (the trustee), James A. Foster, Anna S. Foster and Clinton and Margaret Foster, the owners of the other half of the real estate, answered: (1.) That the mortgage is in contravention of 1 Revised Statutes (730, § 65) and void. (2.) That said James C. Foster is a necessary party to the action.

The case was tried at Special Term, which overruled both defenses and ordered a judgment of foreclosure, with costs against the trustee, James A. Foster and Anna S. Foster. Upon the appeal of the trustee (the other defendants not appealing), the judgment entered upon the decision of the Special Term was reversed and the complaint dismissed.

*Edward W. Sheldon* for appellant. The bond and mortgage in suit were lawfully executed by the parties, and the mortgage became and continues a valid and subsisting lien on the premises therein described. (*Burr* v. *McEwen*, 1 Baldwin, 154; *New* v. *Nicoll*, 73 N. Y. 127, 131; *Noyes* v. *Blakeman*, 6 id. 567, 580; *Herbet* v. *Herbet*, 57 How. Pr. 333; Perry on Trusts [2d ed.] §§ 526, 527; *Perry* v. *Bd. of Missions*, 102 N. Y. 99, 104; *U. T. Co.* v. *Morrison*, 125 U. S. 591; Story's

Eq. Juris. § 1020; *Tebb* v. *Hodge*, L. R., 2 C. P. 73; *Payn* v. *Wilson*, 74 N. Y. 348, 351; *Racouillat* v. *Sansevain*, 32 Cal. 376; *Smith* v. *Smith*, 51 Hun, 164; *Aultman* v. *Jenkins*, 19 Neb. 209; *Scriven* v. *Hursh*, 36 N. W. Rep. 154; *Ludlow* v. *Grayall*, 11 Price, 58, 67; *Edwards* v. *Davenport*, 20 Fed. Rep. 755, 760.) One who, in order to preserve the property, pays taxes which are a lien on the land to which he must look for payment of his debt, will be entitled by subrogation to reimbursement out of the land itself. (Sheldon on Subrogation, §§ 8, 9, 14; *Lockwood* v. *Marsh*, 3 Nev. 138; *Gilbert* v. *Gilbert*, 39 Iowa, 657; *Weed* v. *Hornby*, 35 Hun, 580; *E. I. S. B.* v. *Clute*, 33 id. 83; 37 id. 644; *Clark* v. *Mackin*, 95 N. Y. 346; *Leggett* v. *Hunter*, 19 id. 445; *Barnes* v. *Mott*, 64 id. 397; *Patterson* v. *Birdsall*, Id. 294; *Twombly* v. *Cassidy*, 82 id. 155; *Gans* v. *Thieme*, 93 id. 225; *Clute* v. *Emmerich*, 26 Hun, 10; 99 N. Y. 342; *Snelling* v. *McIntyre*, 6 Abb. N. C. 469; Thomas on Mortgages, § 261; Jones on Mortgages, § 1080; *Sidenberg* v. *Ely*, 90 N. Y. 257; *E. Ins Co.* v. *Pell*, 2 Edw. Ch. 634; *Aur* v. *Hotchkiss*, 97 N. Y. 402.) The statutory provision (§ 65 of the Statute of Uses and Trust, 3 R. S. 2183), forbidding any conveyance by a trustee in contravention of the trust, is a restriction upon the trustee, and not a limitation on the power of the court, when a proper case is made for the exercise of its discretion. (*Anderson* v. *Mather*, 44 N. Y. 249; *Wood* v. *Mather*, 38 Barb. 484; *Bennett* v. *Garlock*, 78 N. Y. 302, 320, 321; *Rogers* v. *Rogers*, 111 id. 228, 236; *Cruger* v. *Jones*, 18 Barb. 467, 468, 469, 472; *Douglas* v. *Cruger*, 80 N. Y. 15; *Boisclair* v. *Jones*, 36 Ga. 499; *Cochran* v. *Van Surlay*, 20 Wend. 375; *Pitcher* v. *Carter*, 4 Sandf. Ch. 1; *Schulting* v. *Schulting*, 41 N. J. Eq. 130; *Schneider* v. *McFarland*, 2 Comst. 463; *Thompson* v. *Tolmie*, 2 Pet. 165.) The order authorizing the trustee to execute the mortgage, it must be held, was an exercise of the general jurisdiction which the Supreme Court, as the successor of the Court of Chancery, holds over trusts, and the discretion of the court so exercised cannot be collaterally attacked.

(*Thompson* v. *Tolmie*, 2 Pet. 165; Cooley on Const. Lim. [5th ed.] 505; *Hafner* v. *N. M. L. Ins. Co.*, 123 U. S. 747; *Goebel* v. *Iffla*, 111 N. Y. 173; *Hedges* v. *Riker*, 5 Johns. Ch. 163; *Williamson* v. *Field*, 2 Sand. Ch. 553; *Horspool* v. *Davis*, 6 Bosw. 581.) James Clinton Foster was not a necessary party defendant to this action. (*Briggs* v. *Davis*, 21 N. Y. 574; *Bennet* v. *Garlock*, 78 id. 320, 321; *Douglas* v. *Cruger*, 80 id. 16; Jones on Mort. §§ 1055, 1401; *E. I. S. Bank* v. *Goldman*, 75 N. Y. 127, 131; *Kerrison* v. *Steuart*, 93 U. S. 155; Thomas on Mort. § 737; *Verdin* v. *Slocum*, 9 Hun, 150, 152.) The direction to sell the premises upon the death of Anna S. Foster, leaving issue, was absolute and operates to equitably convert the land into personalty. (*Moncrief* v. *Ross*, 50 N. Y. 431; *Flanagan* v. *Flanagan*, 8 Abb. N. C. 413; *Morse* v. *Morse*, 85 N. Y. 59; *Vincent* v. *Newhouse*, 83 id. 511; *Fisher* v. *Banta*, 66 id. 468; *Prentice* v. *Janssen*, 79 id. 479, 485; *Hetzel* v. *Barber*, 69 id. 1, 11; *M. L. Ins. Co.* v. *Woods*, 4 N. Y. Suppl. 133 · *Sherman* v. *Parish*, 53 N. Y. 483.)

*Edward C. Perkins* for respondent. The execution of the mortgage by the trustee was an act in contravention of the trust, and such acts are declared void by statute. (2 R. S. chap. 1, art. 2, § 65; *Douglas* v. *Cruger*, 80 N. Y. 15; *Cruger* v. *Jones*, 18 Barb. 467; *Lent* v. *Howard*, 89 N. Y. 169, 180; *Thebaud* v. *Schermerhorn*, 10 Abb. N. C. 72; *Austin* v. *Munro*, 47 N. Y. 360, 367.) The Supreme Court has no power to destroy, wholly or partly, a valid trust. (*Douglas* v. *Cruger*, 80 N. Y. 15; *Cruger* v. *Jones*, 18 Barb. 467.) The plaintiff has no such right of subrogation as it claims. (*Baldwin* v. *Moffet*, 94 N. Y. 82; *Perkins* v. *Hall*, 105 id. 539.) James Clinton Foster was a necessary party defendant. (*Prentice* v. *Janssen*, 79 N. Y. 478; *Hetzel* v. *Barber*, 69 id. 1, 11; *Lockman* v. *Reilly*, 95 id. 64; *Landon* v. *Townshend*, 112 id. 93, 99; *Rogers* v. *Rogers*, 3 Paige, 378; *Williamson* v. *Field*, 2 Sandf. Ch. 533.) The statute, by which one whose co-tenant in common refuses to

pay taxes, as amended by chapter 859 of the Laws of 1869, provides for a proceeding in equity by which the interest of the delinquent may be sold for the payment of his share of the taxes. (*Jackson* v. *Babcock*, 16 N. Y. 248.)

FOLLETT, Ch. J. The sole defense interposed as a bar to this action is that the loan and mortgage are prohibited and rendered absolutely void by the following statutory provision.

" § 65. Where the trust shall be expressed in the instrument creating the estate, every sale, conveyance or other act of the trustees, in contravention of the trust, shall be absolutely void." (1 R. S. 730.)

This trust was established and the mortgage was executed before section 65 was amended by chapter 275, Laws of 1882; chapter 26 of the Laws of 1884, and chapter 257, of the Laws of 1886. Were the loan and mortgage in contravention of the trust? Assuming that the failure of the trustee to pay the taxes assessed upon the subject of the trust out of its income was a devastavit, his wrong has no legal connection with the primary question involved in this case and above stated. The plaintiff in no way contributed to the wrong committed by the trustee, which had been fully accomplished before the loan was applied for. The money was not borrowed and applied in payment of a debt illegally contracted by the trustee; but was borrowed and actually applied to pay a debt owing to the state, which, by virtue of the power of taxation, was a lien upon the subject of the trust prior and superior to all of the rights arising out of it. The loan in no wise increased (except by the sum incurred in obtaining it) the burden upon the estate, but prevented its total loss, which, but for this, or a like loan, would have been the inevitable consequence of the non-payment of the taxes. Had this trustee been removed because of his devastavit and a new one substituted while the sale for taxes was impending, the new trustee would not have been without power, having the consent of the court, to have borrowed money upon the credit of the

estate for the purpose of saving it from being wholly lost. A mortgage given by a trustee so situated, and for such a purpose, would not have been in contravention, but in aid of, the trust. There is no difference in principle between the case supposed and the one in hand. Neither borrowing the money for this purpose, nor securing its repayment by mortgage, was an act in contravention of the trust. The act being lawful, the expenses incidental to doing it (the items are not questioned) were a charge upon the estate, and the sum of the expenses was properly included in the mortgage.

Neither the question above discussed, nor the principle underlying it was involved in either of the cases cited in the opinion of the learned General Term, nor in any of the cases relied on by the learned counsel for the respondent.

In *Cruger* v. *Jones* (18 Barb. 467), a beneficiary, entitled during his life to the rents and profits of realty held in trust, expended, without authority from the court or trustees, considerable sums in repairing buildings destroyed by fire, and in building a new, but necessary pier. Subsequently he brought an action against the trustees asking, among other things that they should unite with the plaintiff and his son, who, in case he survived the plaintiff, would become entitled to the whole estate, in the execution of a mortgage for a sufficient sum to repay the amount expended. The son, who was of full age, was one of the parties plaintiff. The court refused the judgment sought upon the ground that a mortgage given for such a purpose would contravene the trust. The case is quite different from the one at bar. The expenditures were voluntarily made by the beneficiary without authority from the trustee or court, and no lien existed which would destroy the trust unless it was paid. What was said about the want of power to authorize such a mortgage was said with reference to the facts of that case, and it was not held that under no circumstances could a valid lien be created upon realty held in trust.

In *Douglas* v. *Cruger* (80 N. Y. 15), a husband before the passage of the act for the protection of the property of married women (Chap. 200, Laws of 1848), conveyed his marital rights

in the realty owned by his wife to a trustee " in trust to receive the rents and profits of such real estate and apply them to her separate use during their joint lives, and if she should die before him, then the remainder thereof on her death to go to her children and descendants by him in such manner as she should by will appoint, and in default of such appointment, then to them in such manner as they would take the real estate as heirs-at-law, if she should survive her husband." After the passage of the act above referred to, but before the passage of chapter 375, Laws of 1849, the trustees assumed to convey to the wife the estate which he acquired under the trust deed. Subsequently the husband and wife united in mortgaging this realty, but the report of the case does not show the purpose for which the mortgage was given. An action for the foreclosure of the mortgage was defended by the wife on the ground that the trust was not extinguished by the deed executed to her by the trustee, and that neither her interest nor the interest of the children of the marriage, covered by the trust deed, were subject to the mortgage. It was held that the trust, which related simply to the husband's life estate in the realty, his marital right, was not extinguished by the conveyance of the trustee to the wife, and that the mortgage was not a lien as against the wife or children upon that life estate, but that it was a lien upon the fee, subject to the life estate. The power of the trustee to mortgage the subject of the trust, pursuant to an order of the Supreme Court, under given or any circumstances, was not before the Court of Appeals, and was not passed upon. The trustee had not executed a mortgage, and the Supreme Court had not authorized the execution of a mortgage. The deed from the trustee to the wife in that case was clearly in contravention of the trust created by the husband for the benefit of the wife and the children that might be born of the marriage.

In *Lent* v. *Howard* (89 N. Y. 169, 181), it was said : " The beneficiaries of trusts for the receipt of the rents and profits of land are prohibited from assigning or disposing of their

interest (1 R. S. 729, § 63), and this provision is held to apply, by force of other sections of the statute, to the interest of beneficiaries in similar trusts of personalty. (*Graff* ·v. *Bonnett*, 31 N. Y. 9.) This legislative policy cannot, we think, be defeated by the action of the court permitting such alienation, or abrogating the trust." This case does not touch the question under consideration.

The statute does not provide that a trustee, with the consent of the Supreme Court, cannot, under any circumstances, execute a valid mortgage upon the subject of the trust; but that any act or conveyance by the trustee in contravention of the trust shall be absolutely void. Our attention has not been called to a case decided by any court in this state, holding that a valid mortgage cannot be given by a trustee, with the sanction of the court, upon realty held in trust, for any purpose, or under any circumstances, unless authorized by the instrument creating the trust.

Whether a particular mortgage upon the subject of a trust, executed by a trustee in accordance with an order of the Supreme Court, is in contravention, or in furtherance of the trust, is a question which must be decided by the court, and when the facts are conceded it is a question of law. The execution of this mortgage was wisely authorized by the Special Term for the preservation of the interests of the beneficiaries, and they cannot, under the evidence in this case, defeat a foreclosure. The plea in abatement is not valid.

No legal estate in remainder, vested or contingent, was created by the trust deed, but the entire legal estate was vested in the trustee, where it now remains, and James C. Foster has no legal estate of any kind to protect. It has been several times held that when specific realty, which is subject to a mortgage, is devised or conveyed to a trustee to be converted into money at a future day and divided between specified persons, that they have a vested equitable interest in the subject of the trust, and are necessary parties to an action for the foreclosure of the mortgage. (*Calverley* v. *Phelp*, 6 Mad. 229; *Osbourn* v. *Fallows*, 1 Russ. & M. 741; *Anderson* v.

*Stather*, 2 Coll. 209.)   For a stronger reason, a person having such a vested equitable interest in the avails of realty when it shall be converted into personalty, is a necessary party to a suit for the foreclosure of a mortgage executed by the trustee. But James C. Foster has not a vested interest in the subject of the trust, nor in its avails.   His interest is contingent upon his surviving his mother.   Not having a vested legal estate in or lien upon the mortgaged premises, nor a vested interest in the avails of them when converted into money, he is not a necessary party to this action.

The judgment of the General Term should be reversed, and the judgment of the Special Term affirmed, with costs, payable out of the fund realized upon the sale of the premises under the foreclosure.

All concur.

Judgment reversed.