Patrick H. Duffy and Others, Respondents, v. The Durant Land Improvement Company, Appellant.

*Application by a trustee for leave to sell real estate — notice to all persons in interest — "beneficiaries" embraces every possible interest — presumption as to all the proper parties being in court.*

In proceedings for the sale of real property brought by the trustee named in a decedent's will, it is imperative, in order that the Supreme Court may have authority to order a sale, that every beneficiary of the trust shall have notice of the application, and when no notice is given to the remainderman of the sale of such real estate, the purchaser thereat does not acquire a marketable title to the same.

All parties who may be ultimately interested in the estate by reason of the provision of the trust must have notice of the proceedings, in order to effect a conveyance of the interest which they may subsequently have, and by the use of the word "beneficiaries" the Legislature intended to embrace every possible interest.

In proceedings brought by a trustee for leave to sell real estate, where the order granting a reference in the matter recited the reading of the petition and proof of the due service thereof on "Estelle Durant Bowers, the sole beneficiary of the said trust," there is no presumption that the other beneficiaries of such trust were brought into court.

APPEAL by the defendant, The Durant Land Improvement Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 10th day of November, 1893, upon the decision of the court rendered after a trial at the New York Special Term.

*C. J. Hardy*, for the appellant.

*E. S. Babcock*, for the respondents.

VAN BRUNT, P. J.:

This action was brought to recover $1,000 which was paid upon a contract to sell certain lands in the city of New York, made by the defendant with one Patrick H. Duffy representing the plaintiffs, upon the allegation that the title offered by the defendant in fulfillment of that contract was not such as the plaintiffs were bound to accept and pay for.

Various objections were raised to the title, but in the determination of this appeal it is not necessary to consider them all. The premises in question belonged to one Charles W. Durant, who died on the 6th of April, 1885, a widower, leaving a last will and testament and a codicil thereto. He left him surviving his sons, Frederick C. Durant, Chas. W. Durant, Jr., and Howard M. Durant, his daughter, Estelle D. Bowers, wife of Henry C. Bowers, and his grandchildren, Adele Durant and Victor Durant, children of his son Thomas F. Durant, who predeceased his father, all of whom were living at the time of the trial of this action. Estelle D. Bowers then had issue living, a son, John M. Bowers, second. By the said will a power of sale was given to the executors therein mentioned during the lifetime of the testator's wife. By the codicil this limitation upon the power of sale was eliminated. Such will, after making various devises and provisions for his sons, by the ninth clause gave, devised and bequeathed a fifth part of the rest, residue and remainder of his estate unto his son Frederick C. Durant, in trust, to safely invest the same in securities therein named and to apply the income thereof to the sole and separate use of his daughter Estelle during her natural life, and upon the death of said daughter leaving issue her surviving, then to pay over to such issue the principal of such share so devised in trust, to be equally divided

among them, and in case his said daughter should die leaving no issue her surviving, then upon her death he gave the principal of such share to his sons (naming them), to be equally divided among them.

By his will the testator gave, devised and bequeathed a remaining one-fifth of the residuum of his estate to the Union Trust Company of New York, in trust for the benefit of his son Thomas F. Durant. The will further provided that upon the death of his son he gave and bequeathed to Adele, daughter of his said son, the sum of $60,000, and to Victor the sum of $40,000, and the remainder of said share he gave to his other children living at the death of said Thomas, equally to be divided among them. By his will he appointed his wife, who predeceased him, executrix, and his sons Charles W. Durant, Jr., and Frederick C. Durant, executors.

Objections were filed to the probate of both will and codicil, which were withdrawn in pursuance of an agreement made in June, 1885, between Mrs. Bowers and her three surviving brothers, which, in substance, provided that Charles should renounce his position as executor; that Frederick should resign as trustee under the clause above referred to respecting the interests of Mrs. Bowers in favor of the Farmers' Loan and Trust Company; that the division of the testator's realty should be made among the parties if they could agree upon one, and that Mrs. Bowers, as the owner of an undivided one-twentieth (being a part of the one-fifth devised in trust to Thomas F. for life and then over as above mentioned), should have the right to bring partition within a specified period. Frederick C. Durant resigned as such trustee, and on the 17th of July, 1885, the Farmers' Loan and Trust Company was appointed in his stead by order of the surrogate. Thereafter, on the 18th of July, 1885, Frederick C. Durant, as executor of Charles W. Durant (the elder), deceased, Charles W. Durant (the younger), the said Frederick C. Durant individually, and Howard M. Durant executed for a nominal consideration a deed to the Farmers' Loan and Trust Company, as trustee for Estelle D. Bowers, purporting to convey an undivided fifth in two lots embraced in the plaintiffs' contract upon the trust created in the will of Charles W. Durant in favor of his daughter, Estelle D. Bowers. Upon the same day the same grantors executed to Estelle D. Bowers a deed conveying in fee simple an undivided one-twentieth

part of the other two lots mentioned in plaintiffs' contract, and upon the same day the same grantors executed to said Mrs. Bowers a deed purporting to convey in fee an undivided twentieth part of the two lots first above mentioned. On the 27th of May, 1887, there was presented to the Supreme Court a petition of the Farmers' Loan and Trust Company reciting the facts above mentioned; also reciting the bringing of a partition suit by Mrs. Bowers to partition the New York and Western lands, and the litigation connected therewith, the proceedings by the executor to account in the Surrogate's Court and the filing of objections thereto; that the said Estelle D. Bowers was the sole beneficiary of the trust of which the petitioner was trustee; that the expenses of the litigation threatened great injury to the estate of the petitioner; and that the entire estate was practically unproductive; that said Mrs. Bowers in the preceding April agreed with her brothers to settle all matters in dispute between them upon terms which to the petitioner seemed particularly to the advantage of the beneficiary of the trust; that, among other matters so agreed upon and as part of said settlement, was that all the lands situated in the city of New York left by the said Chas. W. Durant, deceased, and forming part of the lands described in the partition suit, should be purchased by Frederick C., Chas. W. and Howard M. Durant, at a value of $280,000, paying to said Mrs. Bowers and the petitioner for their interest the one-fourth part thereof, namely, $70,000; that of said sum Mrs. Bowers was entitled to $14,000 and the petitioner to $56,000, and that in order to carry out such settlement it was necessary that the petitioner should be granted authority by this court to sell its share or interest in said premises for the aforesaid sum of $56,000. The petition further states that all the other parties interested, who are adults and capable of the disposing of the same, were agreed that it would be advantageous, and that the three Durant brothers had appointed Richard W. G. Welling to receive as grantee the said lands for them at the consideration aforesaid, and concludes by praying the order of the court authorizing the petitioner to make the sale to Welling.

Upon this petition and proof of service on Mrs. Bowers only, an order of reference to take proof and report with opinion was granted. The referee made his report with an opinion that the

order to sell the lands described in the petition to Welling for $56,000 should be granted, and on the eighteenth of June the order prayed for was made. The Farmers' Loan and Trust Company on the 20th of June, 1887, made a deed to Richard W. G. Welling of the trust interest. Mrs. Bowers conveyed her undivided interest; Frederick C. Durant, as executor of Chas. W. Durant, deceased, also executed a conveyance to Welling, and Frederick C. Durant and wife, as individuals, also executed a quit-claim deed of the same property, and Charles W. Durant and wife, and Howard M. Durant and wife also executed such deeds, and thereupon Welling conveyed the same premises by the same description to Frederick C., Howard M. and Charles W. Durant. In these conveyances Welling paid no consideration and acted only as the means of transfer of the title to the Durant brothers. Subsequently the three Durant brothers on the 9th of January, 1888, conveyed the premises in question to the defendant, and the title offered to the plaintiffs in pursuance of the contract of sale above mentioned was the deed of the defendant.

As has already been stated, there were various objections made to the title; but, in order to dispose of this appeal, it seems only necessary to consider one, and that is, were the proceedings taken by the petitioner in the Supreme Court such a compliance with the statute as authorized the trustee of Mrs. Bowers to convey?

In the disposition of this question we do not propose to discuss the point as to the authority of the court to grant such an order as was made, because it does not seem to be necessary in view of the fatal defects which are presented by the proceedings themselves. It is to be observed that the only person who had notice of these proceedings was the life tenant, Mrs. Bowers; and in the petition she is represented as being the sole beneficiary of the trust, the remainderman being absolutely ignored. By the provisions of the statute under which these proceedings were taken, it is provided that no order directing a trustee to mortgage or sell lands shall be be granted unless it shall appear to the satisfaction of the court or judge that a notice in writing, stating the time and place of making the application therefor, has been served upon the beneficiary or beneficiaries of said trust at least eight days before making such application, if said beneficiary or beneficiaries are within this State, and adult. In case said beneficiary or beneficiaries are infants, lunatics,

persons of unsound mind, habitual drunkards, or absentees, said court or judge shall not direct the trustee to mortgage or sell said lands until such beneficiary or beneficiaries are brought into court by such notice as said court or judge may prescribe.

It is, therefore, imperative, in order that the court shall proceed and make an order for a sale under these proceedings, that every beneficiary of the trust shall have notice that its interests are to be affected by the order made by the court. It is claimed that the child of Mrs. Bowers was a beneficiary, and no notice of these proceedings was given to it. In answer to this objection it is urged that there was no proof offered to show that this child was not properly before the court; and that as the statute says that such infant shall be brought into court by such notice as the court or judge may prescribe, it is left entirely within the discretion of the court or judge; and, in the absence of any proof to the contrary, it will be presumed that the court did its entire duty under the statute when the petition for leave to sell was before it; and that in the absence of direct and positive proof that this infant was not properly brought into court on that proceeding, it will be assumed that the court before which the application was made did give such notice as in its opinion was deemed sufficient to protect whatever interests in the matter the infant had. This seems to be carrying the doctrine of presumption very much further than has been done in any case to which our attention has been called. The papers before the court are recited in the order, and it reads: "On reading the petition in this matter and on proof of due service thereof on Estelle Durant Bowers, the sole beneficiary of the said trust," the reference is ordered. With such a recital, the court adjudging that Mrs. Bowers was the sole beneficiary of the trust, and that she had notice, where is there any presumption that the court directed notice to be given of this application to the child of Mrs. Bowers, of whose existence it was absolutely ignorant? Legal proceedings cannot be supported by any such violent assumptions, which are contrary to the express statements in the record.

But it is said that it was not necessary to give notice of the application to any one other than Mrs. Bowers; that it was a trust of a specific portion of the estate to the trustee named, to be invested in securities, the income to be paid over to Mrs. Bowers during her life,

# 320  DUFFY v. DURANT LAND IMPROVEMENT CO.

and upon her death leaving issue the trust to be divided among such issue; and by another clause of the decedent's will it was provided that if she should die leaving no issue her surviving then the trust fund to be divided amongst her brothers specifically named; and that, therefore, whatever interests this infant son had in the trust fund were entirely contingent upon his surviving his mother, and he was not and could not be a beneficiary under the trust. And we are referred to the case of *The U. S. Trust Company* v. *Roche* (116 N. Y. 120) as decisive upon this point. That case, however, has no application whatever to the one at bar. In that case it appears that proceedings of a character such as were taken in the case at bar were had, and the children of the life tenant were made ? party, out of which originated the mortgage which that action was brought to foreclose. The only surviving son of the life tenant, however, in that foreclosure action was not made a party, and this objection was taken; but the court held that because he had no legal estate in remainder, vested or contingent, his interest being contingent upon his surviving his mother, and the parties before the court representing the whole vested estate, he was not a necessary party. But it did not decide that he had no interest whatever in the trust estate and could not come under the head of a beneficiary.

We think it was the clear intention of the statute that all parties who might be ultimately interested in the estate by reason of the provisions of the trust should have notice of the proceedings to affect the interest which they might subsequently have; and that in the use of the word "beneficiaries" the Legislature intended to embrace every possible interest. Under these circumstances, therefore, it would appear that the proceedings in question were defective because of want of notice to parties in existence who might ultimately be interested; and that the title offered was not such as the plaintiffs were bound to take.

The judgment should be affirmed, with costs.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs.