ARTHUR GARFIELD LEVY, by MOSES M. LEVY, his Guardian, Appellant, *v.* CARRIE LEVY and Others, Respondents.

*Partition brought by a remainderman — when the remainder is vested — proper parties.*

If an action of partition be brought by a remainderman there can be no sale of the premises sought to be partitioned, and when actual partition of the property in question cannot be had the bill must be dismissed.

The fact that a vested remainder may be cut off by the death of the remainderman prior to the termination of the life estate does not affect the vesting of the remainder, as it is not a condition precedent but a condition subsequent, and it is only because of uncertainties arising from conditions precedent that a remainder, which otherwise would be vested, becomes contingent.

Adolph Levy died in 1885 owning certain real estate and leaving a will whereby he devised the residue of his estate, including such real estate, to his executors in trust to receive the rents, income and profits thereof and to divide the same into five equal parts or shares and to apply such income and profits as follows:

"*Fourth.* To receive the rents, income and profits of one of said shares and apply the same to the use of my son, Samuel Levy, so long as he shall live, and upon his death to divide the principal of such share equally among his children, share and share alike."

Such will also provided that if any of such grandchildren were under the age of twenty-one years, the trustee should apply such income to the support, education and maintenance of such child until he or she should become of age, and upon the arrival of the infant at the age of twenty-one years the principal of his or her portion of such share was to be paid over to such child. Similar provisions were made in regard to the testator's other children. In the event of the death of any of the sons without leaving surviving issue, the testator gave, devised and bequeathed the share of such son to and among his other children, share and share alike.

*Held*, that the children of the sons of the testator took vested remainders in the estate and were not represented by the trustees thereof, and their rights in the premises which formed the *corpus* of the trust estate would not be cut off by a foreclosure action to which said trustees were parties, if such children were not themselves parties to such action.

APPEAL by the plaintiff, Arthur Garfield Levy, by Moses M. Levy, his guardian, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 7th day of March, 1894, upon the decision of the court rendered at the New York Special Term sustaining the defendants' demurrer to the plaintiff's complaint, and also from such judgment as amended March 14, 1894.

*Ira L. Bamberger*, for the appellant.

*T. W. Butts*, for the respondents.

VAN BRUNT, P. J. :

This action was brought for the partition of certain premises in the city of New York, and the demurrer to the complaint was upon the ground that it did not state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff, with the other defendants (except certain lessees), are tenants in common of a vested remainder in and to the premises in question, and that he is entitled to a one undivided ninth of and in the said premises in fee, which allegation, however, seems to be at variance with the title of the plaintiff as disclosed in the complaint. Judgment is prayed that the real estate be partitioned, or if that cannot be done without detriment to the several interests so partitioned, the same be sold.

It is urged by the defendants that, as the plaintiff is not among those enumerated in section 1532 of the Code of Civil Procedure as

entitled to maintain this action, the demurrer must be sustained. But by section 1533 it is expressly provided that the holder of a vested remainder may maintain partition under certain circumstances.

It may be suggested that as the premises, according to their description, consist of a single lot of land with buildings thereon, it is difficult to see how it can be actually partitioned, and in the case of an action brought by remaindermen there can be no sale, but where actual partition cannot be had the bill must be dismissed. As, perhaps, the court may not be able to take judicial notice of the fact that upon the face of this bill the same must ultimately be dismissed because of the provisions of section 1533 of the Code, it may be necessary to consider the question as to whether the plaintiff in this action has such an estate as authorizes him in any event to bring an action in partition.

The facts out of which the controversy arises are as follows : Adolph Levy died in 1885, owning the premises in question, subject to a mortgage, and leaving a will whereby he devised the residue of his estate, including said premises, to his executors in trust, to receive the rents, income and profits thereof, and to divide the same into five equal parts or shares, and to apply such income and profits in the manner following, and so far as respects the alleged interest of the plaintiff herein the provisions of the will are as follows :

" *Fourth.* To receive the rents, income and profits of one of said shares and apply the same to the use of my son, Samuel Levy, so long as he shall live, and upon his death to divide the principal of such share equally among his children, share and share alike."

Then follows a provision that if any of these grandchildren are under the age of twenty-one years the trustee shall apply such income to the support, education and maintenance of such child until he or she should become of age ; and upon the arrival of the infant at the age of twenty-one years the principal of his or her portion of such share was to be paid over to such child. Similar provisions were made in regard to the testator's other children.

The testator also provided in said will that in the event of the death of any of his said sons without leaving issue him surviving he gave and devised the share of his said son to and among his other children, share and share alike.

The mortgage above referred to was foreclosed in 1892, and all

the children and grandchildren of said Levy, except this plaintiff and his sister, were made parties to such foreclosure suit; and such proceedings were had that the premises were sold subject to the rights and interests of the plaintiff and of the said Carrie Levy, his sister, and subject also to a lease of the premises to the firm of Vogel Brothers. The referee conveyed the said premises subject as aforesaid to the purchasers as joint tenants; and the plaintiff, claiming that he, his sister and the purchasers are tenants in common of a vested remainder in and to the said premises, has brought this action for a partition of the same.

The question which is presented is whether the rights of the plaintiff and his sister in their grandfather's estate were cut off by the proceedings in foreclosure. It is urged upon the part of the respondents that they were not necessary parties defendant in the foreclosure action because the executors and trustees under their grandfather's will were made parties, and they were vested with the whole legal estate under the will. And in support of this proposition the cases of *U. S. Trust Company* v. *Roche* (116 N. Y. 120) and *Townshend* v. *Frommer* (125 id. 446) are cited. If the latter case is to be considered as an authority upon this proposition it would seem that the position of the respondents is well taken. But after an examination and comparison of that case with the decision in the case of *Campbell* v. *Stokes* (142 N. Y. 23) I have been unable to reconcile the same. And as the rule laid down in the latter case in respect to the vesting of estates seems to be that which most clearly conforms to the provisions of the Revised Statutes defining such estates, it should be followed.

And it is evident from the language of the court in the case of *Campbell* v. *Stokes* that the authority of *Townshend* v. *Frommer* (*supra*) is questioned, and a distinction between the two cases is attempted to be drawn from the fact that one arose under a trust deed and the other under the will. In the case of *Campbell* v. *Stokes* the will directed the executors to divide the testator's residuary estate into as many shares as the testator had children, and gave for each child surviving him one share to the executors to be held in trust for said child for life; and upon the death of such child the executors were directed to convey, pay over and deliver the share to his or her lawful issue, if any, and if none, then provision was

made for the distribution of the estate. And it was held that the issue of any child living at his death took a vested remainder in the share held in trust for the parent, subject to open and let in after-born children, and to be divested by their death before the death of the parent; and that the rights of the grandchildren were not dependent in any way upon the action of the trustees, nor did the vesting of their interest await the exercise by the trustees of their power to convey, transfer, etc., but they took as remaindermen, independent of the power.

This definition of the estate under such provisions in a will or in a deed — because I know of no difference in estates, whether created by deed or by will — is in accordance with section 13, page 723, volume 1 of the Revised Statutes, which is as follows:

" Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate."

In the case cited it was held that immediately, without any intervention of the trustees, upon the termination of the intermediate estate, the grandchildren would have been entitled to possession, and, therefore, they took a vested remainder. It is true that that vested remainder might be cut off by death prior to the termination of the life estate. But the court says that this did not affect the vesting of the remainder, because it was not a condition precedent, but a condition subsequent; and it is only because of uncertainties arising from conditions precedent that a remainder becomes contingent which otherwise would be vested.

In the case at bar the provisions of the will are a devise of the estate to the executors, and there is some ambiguity as to whether they are to divide the principal of the estate or the rent. It would seem that they had the right to divide the principal as well as the rent, as they are required to receive the rents, income and profits of each of said shares and apply them to the use of the sons of the testator, and upon their death to divide the principal among their children, share and share alike. In the case of *Campbell* v. *Stokes* it was held that language of a similar character was a present gift to the children of the son, to be enjoyed by them upon the death of their parent; and in that case as in the case at bar there was no

intention that the testator should die intestate as to any portion of his estate, because he provides that in the event of the death of any of his sons without issue his estate shall go elsewhere.

Without discussing this question further it would seem to be beyond dispute that the children of the sons of the testator took vested remainders, and the trustees did not represent that part of the estate.

The judgment should be reversed and the demurrer overruled, with leave to the defendants to answer upon payment of the costs of this appeal and in the court below.

PARKER, J., concurred.

FOLLETT, J. (concurring):

Under the fourth clause of the will of Adolph Levy the children of Samuel Levy acquired vested remainders in the premises described in the complaint. The plaintiff, Arthur G. Levy, and the defendant, Carrie Levy, are two of the children of said Samuel Levy. Vested legal interests in lands cannot be affected by judgments unless the persons owning those estates are parties to the judgment. Arthur G. Levy and Carrie Levy, having vested legal estates at the time the judgment in foreclosure was recovered, were necessary parties to that action, and not having been made such the sale under that judgment did not cut off their estates.

In *United States Trust Co.* v. *Roche* (116 N. Y. 120) it was held that James C. Foster was not a necessary party to that action for the foreclosure of a mortgage because he had not a vested legal or equitable estate in the land. In that case the legal estate was held by a trustee, and both the trustee and the beneficiary were parties.

In *Townshend* v. *Frommer* (125 N. Y. 446) it was held that when a certain mortgage was foreclosed the children of Clarissa Curtis had no vested or legal interest in the land, and, therefore, were not necessary parties to the foreclosure. In that case the legal title was held by a trustee, and both the trustee and the beneficiary were parties.

In *Campbell* v. *Stokes* (142 N. Y. 23) it was held that the grandchildren of John Mortimer, Jr., had vested legal estates in the land when it was sold under a judgment in partition, and that they were necessary parties to the action, and, not having been made parties, their titles were not cut off. The opinion in *Campbell* v. *Stokes*

concluded as follows : " Whether the remainders in this case were vested or contingent, the persons in being when the partition action was commenced, presumptively entitled to possession on the death of the life tenant, were necessary parties." This remark is a mere dictum, for the court had decided that the grandchildren had vested remainders at the time the partition judgment was entered.

In *Moore* v. *Appleby* (36 Hun, 368; affd., 108 N. Y. 237) it was held at General Term that the children of Charles Tucker had vested interests in the land when the judgment in partition was entered, and, not being parties thereto, were not affected by it. In the Court of Appeals it was assumed, without discussion, that these children had vested estates in the land. It is said : " But to which action certain persons entitled to the property in remainder were not made parties."

Assuming the premises in the four cases cited to be correct, they are harmonious, and were correctly decided in so far as the question of parties is concerned. (Story's Eq. Pldg. § 144, *et seq.*)

The judgment should be reversed and the demurrer overruled, with leave to the defendants to answer upon the payment of the costs of this appeal and in the court below.

Judgment reversed and demurrer overruled, with leave to defendants to answer upon payment of costs of appeal and in the court below.