

In the Matter of the Application of WILHELMINA DECKELMANN and Others, Respondents, for an Order Authorizing and Requiring JOHN H. BRAUNSDORF, Appellant, as Trustee, etc., to Make Repairs to a Building of which he is Trustee, etc.

*Repairs to real estate forming part of the corpus of a trust fund — expense of making, how chargeable as between life tenant and remainderman.*

As a rule, the expense of making repairs to real estate, which forms the *corpus* of a trust fund, necessary to put it in a tenantable condition, must be borne by the life tenant, and such expense cannot be charged against the remaindermen; but if the life tenant has not permitted the property to become out of repair, and the trustee receives it in an untenantable condition, permanent repairs thereto may be made at the expense of the remaindermen.

APPEAL by the defendant, John H. Braunsdorf, as trustee, etc., from an order of the Supreme Court, made at the Kings County Special Term, and entered in the office of the clerk of the county of Rockland on the 31st day of August, 1894, directing the said trustee to make, at the expense of the remaindermen, certain repairs to premises devised to him in trust for the plaintiff.

*Henry B. Twombly*, for the appellant.

*I. Newton Williams*, for the respondents.

CULLEN, J. :

The appellant is trustee under the will of his father, Julius Braunsdorf. The trust is substantially to hold a share of the testator's estate during the life of his daughter, the income to be paid to her during life, and upon her decease the share to go to her children or descendants. On the death of the testator's widow, the appellant received as part of the *corpus* of the trust a dwelling house and a sum of money on deposit in the savings bank. At the time the dwelling house was allotted to the trustee it was so far out of repair as to be untenantable. The life tenant demanded that the dwelling should be kept tenantable at the expense of the principal of the trust. On the failure of the trustee to accede to her demand she applied to the court for an order directing him to make such repairs. From an order granting that application this appeal is taken.

The material facts are not in dispute, but the appellant contends that repairs and improvements cannot be made at the expense of the remainderman, but must be borne by the life tenant. That such is the general rule is unquestionable, and it may be conceded that there is authority for the claim that the rule is invariable. (Perry on Trusts, 552.)

But there is now a tendency to limit the application of the rule stated. In the recently decided case of *Stevens* v. *Melcher* (80 Hun, 514) it was held that certain permanent repairs on the trust realty should be charged to the *corpus* of the trust, not to the equitable life tenant. In that case Judge PARKER reviews at length the authorities on the question. In both the reasoning and conclusion of Judge PARKER we concur.

The principle that the life tenant should bear the repairs, taxes and interest on incumbrances is as a general rule entirely just and equitable. All that the life tenant is entitled to is the income. The real income is only the net return of the property above its annual charges. If the property is not kept in repair the income is apparently increased, but only at the expense of the capital or *corpus*. So also, unless there is authority given the trustee by the will to invest in land, the *corpus* of the estate should not be expended to erect new buildings or make substantial alterations in improvements on the lands. That is changing the character of the trust estate. But there is an entire difference between such a case and an expenditure to make not a new thing, but the thing received available and preserve it from destruction and decay. Here the life tenant has not permitted the property to become out of repair, but the trustee has received it in an untenantable condition. If the property had come to the trustee burdened with taxes or assessments he would have been compelled to discharge them, and a mortgage of the trust estate to raise funds for the purpose would have been valid even before the amendment of the Revised Statutes in this respect. (*U. S. Trust Co.* v. *Roche*, 116 N. Y. 120.)

The general rule has also its exception in the case of an assessment for a public improvement. It is not to be borne wholly by the life tenant, but to be apportioned between the life tenant and the remainderman. In the will in this case there is no direction as to how the part of the trust estate that is in money shall be invested.

In applying part of it to the preservation of the realty we, therefore, contravene no direction of the testator's. We think, therefore, that there was a proper case made for the direction given by the court.

The appellant now raises the objection that the infant remaindermen were not properly before the court and that the order made does not conclude them and protect himself. This objection is valid, but it does not seem to have been taken at the Special Term. If the appellant now desires the protection of an order concluding the infants he may move to vacate the order appealed from and make the infants parties to this proceeding.

Order appealed from should be affirmed, without costs, and with leave to appellant to move to vacate such order and bring in the infants as parties.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, without costs, with leave to the appellant to move to vacate such order and bring in the infants as parties.