In the Matter of the Estate of LAMBERT SUYDAM, Deceased.

Surrogate's Court, New York County, January 12, 1931.

*Man & Man*, for the petitioner.

*William R. Adams*, for Jessie R. Suydam and others.

*Louis C. Haggerty*, special guardian.

O'BRIEN, S.   This is an accounting by a testamentary trustee. Under the 8th paragraph of the testator's will he bequeathed to his trustees the sum of $300,000 for the benefit of his two nieces, Lottie S. and Annie R. Weaver, with direction to pay semi-annually the net income to them.   He further provided that upon the death of either of the life beneficiaries leaving issue her surviving, half of the income was to be paid to the survivor for life, and the other half of the income to the issue of the deceased niece; but that if one of said nieces should die leaving no issue surviving, two-thirds of the income was to be paid to the survivor during her life, and the other " one-third to those entitled to receive under the residuary clause of his will."   Upon the death of the survivor of the two nieces, the trust was to terminate and the testator directed the distribution of the remainder among the issue of his said two nieces, Lottie S. and Annie R. Weaver, *per stirpes*.   He further provided, however, that in the event of the death of both of his nieces leaving no issue surviving, the trustees were to divide the principal fund equally among the three children of his deceased brother, " Emily L. Moore, Louise S. Austin and Lambert Suydam, issue of any deceased child to take parent's share."   The residuary clause of the decedent's will reads as follows: " All the rest, residue and

remainder of my estate both real and personal including lapsed legacies, I give to the three children of my deceased brother James, share and share alike, namely; Emily L. Moore, Louise S. Austin, and Lambert Suydam issue of any deceased child to take parent's share."

The testator died in 1916. He was survived by his two nieces named above, and the three children of his deceased brother James, of whom Louise S. Austin and Lambert Suydam have since died. Lambert Suydam died without issue, and Louise S. Austin left a daughter, Emily Austin Jones, her sole next of kin. Lottie S. Weaver, one of the life beneficiaries, died on the 17th day of March, 1929. Her death postdated that of the two residuary legatees above named. The questions raised on this accounting are four in number which are disposed of as follows:

1. The request for a construction of the will as to the ultimate distribution of the remainder limited on the lives of Lottie S. and Annie R. Weaver, is denied. One of the life tenants still survives, and as the trust has not terminated, the question is academic. A similar disposition was made on this point by Mr. Surrogate FOLEY in *Matter of Suydam* (N. Y. L. J. Feb. 16, 1925) when both life beneficiaries were alive, and is controlling here.

2. The trustees also request a determination by the surrogate as to the proper persons to whom to pay the one-third of the income of the trust fund which accrued subsequently to the death of Lottie S. Weaver, a life tenant. It should be noted that the gift of the residue of the estate to the residuary legatees under paragraph 9 of the will was outright and absolute. On the contrary, the gift of the income in question here, as well as that of the remainder limited on the trust created in the 8th paragraph of the will, are contingent and pass under the provision of that paragraph of the will. *The present disposition of this income is no indication of what should be the ultimate disposition of the corpus of the trust.* I hold that by the use of the words " those entitled to receive under the residuary clause of the will," the testator intended one-third of the income after the death of either Lottie S. Weaver or her sister, Annie R. Weaver, was to be paid to those residuary legatees living at the death of the first one of his nieces to die, or to their issue should they have predeceased that particular life beneficiary. Under these circumstances the one-third of the income of the trust received since the death of Lottie S. Weaver should be paid one-half to Emily L. Moore and one-half to Emily Austin Jones.

3. The special guardian objects to the trustee charging to capital the expense of certain repairs made to premises which are part of the trust estate. This property was acquired under foreclosure

proceedings, and the repairs were necessary to put the property in tenantable condition. They were of a permanent nature and are properly chargeable to principal, and the objection of the special guardian is overruled.

4. The counsel fees set forth in the account are properly chargeable to principal. (*Matter of Eddy*, 207 App. Div. 162.)

Tax costs and submit decree on notice accordingly.