IN RE ESTATE OF CHARLEY DOLCH.

CLAIR AUXIER, Executor, Appellee, v. HERMAN H. DOLCH et al., Appellants.

No. 46925.

OCTOBER 15, 1946.

Dalton & Dalton, of Atlantic, for appellants.

Jones, Cambridge & Carl, of Atlantic, for appellee.

OLIVER, J.—Charley Dolch died testate in April 1944. He left no surviving issue. His will gives his wife (aged sixty-eight) a life estate in all his property, subject to the control of his executor, who is directed "to take charge of all my property at my death, and after payment of expenses above set forth [last illness, funeral, and costs of administration], to rent the real estate, and pay the taxes, insurance and other reasonable and necessary costs of maintenance therefrom and to pay the net returns therefrom to my wife above named, at least annually, and to take charge of my investments I may own or invest any cash funds other than income in investments as provided by statute, and to pay any net returns to my wife above named the same as net returns from real estate." At the death of said wife the executor is directed to convert into cash all property then held in testator's estate and, after paying certain expenses, to distribute one half the net estate among such heirs at law of testator and one half among such heirs of the wife as shall be living six months after her death.

The executor's inventory shows cash, notes, etc., amounting to about $8,000; property (apparently the home) in Atlantic, held in joint tenancy, $2,100; an undivided one-sixth interest in certain farm land, $5,100; the one-hundred-sixty-acre farm in Cass county formerly operated by testator, $12,000. This case concerns the buildings and improvements upon said one-hundred-sixty-acre farm.

August 1, 1944, the executor secured an ex parte order of court authorizing him to expend $3,100 from the funds of the estate for certain repairs and improvements upon said farm. Shortly thereafter brothers and sisters of testator filed objections to said order and prayed that it be set aside, asserting that repairs and improvements upon real estate in which the widow has a life estate should not be made with funds from the corpus of testator's estate. Trial to the court, as in equity, resulted in an order overruling the objections in part. The objectors have appealed.

Although there was some dispute in the evidence it fairly appears that at the time of testator's death various buildings

upon the farm were in a state of substantial disrepair; foundations were broken, structures had settled, walls were bulging or decayed, roofs sagged, window glass was broken, etc. The order of the trial court authorized the executor to make only certain repairs which the court found were necessary to prevent waste and sustained the objections as to improvements, new construction, and repairs found not necessary to prevent waste. The total expenditure authorized is not shown because objections to two items were sustained in part only. Apparently it was about one half of the amount originally authorized by the ex parte order.

 The will directs the executor to pay the ''reasonable and necessary costs of maintenance [of the real estate] therefrom [from the income] and to pay the net returns therefrom to my wife * * *.'' This direction does not differ from the general rule that such ordinary repairs as are necessary to preserve the improvements and prevent waste due to their falling into a state of dilapidation should be made by the life tenant at his own expense, so that, as nearly as practicable, the property may pass to the remaindermen unimpaired. Hamilton v. Hamilton, 140 Iowa 282, 284, 115 N. W. 1012, 118 N. W. 375; Shelangowski v. Schrack, 162 Iowa 176, 181, 143 N. W. 1081; Harris v. Brown, 184 Iowa 1288, 1295, 169 N. W. 664; 33 Am. Jur. 976, section 448.

 Where a trustee has charge of the property, in the absence of contrary provisions in the trust instrument, the cost of ordinary repairs should be charged to the income of the trust and be borne by the life beneficiary thereof. 33 Am. Jur. 981, section 453. See In re Estate of Whitman, 221 Iowa 1114, 1125, 1126, 266 N. W. 28.

Appellee agrees with the foregoing propositions but relies upon an exception to the rule. This exception is stated in 1 Restatement of the Law, Trusts, 687, section 233i, as follows:

''The cost of putting into tenantable repair premises which were not in such repair when received by the trustee, whether originally acquired by the trustee as part of the trust property at the time of the creation of the trust or subsequently acquired by him, is payable out of principal; but the cost of

1068

thereafter keeping the premises in repair is payable out of income."

A similar statement appears in 33 Am. Jur. 983, section 455.

In Savings Inv. & Tr. Co. v. Little, 135 N. J. Eq. 546, 551, 39 A. 2d 392, 396, a widow was devised a life estate in a home which was in a bad state of repair. The court authorized the trustee to use trust funds of which the widow had the income for life "for such extraordinary repairs as are really necessary. If this is not done, the house is apt to deteriorate with increasing speed, to the eventual loss of the remaindermen. While, if the money is wisely spent, remaindermen as well as the life tenant will gain."

In re Collins' Will, 61 N. Y. S. 2d 488, 490, is factually similar to the case at bar. The court approved the expenditures, pointing out that unless the will authorizes the trustee to invest in land, the corpus of the estate should not be expended to erect new buildings or make substantial alterations in the improvements on the lands, since that would change the character of the trust estate:

"But there is an entire difference between such a case and an expenditure to make, not a new thing, but the thing received available, and preserve it from destruction and decay. Here the life tenant has not permitted the property to become out of repair, but the trustee has received it in an untenantable condition."

Some other authorities are: Parsons v. Winslow, 16 Mass. 361; Greene v. Greene, 19 R. I. 619, 35 A. 1042, 35 L. R. A. 790; Deckelmann v. Braunsdorf, 84 Hun 476, 32 N. Y. Supp. 404, 405; Veazie v. Forsaith, 76 Maine 172; In re Suydam's Estate, 138 Misc. 873, 248 N. Y. Supp. 176; Sohier v. Eldredge, 103 Mass. 345; annotation 128 A. L. R. 252 et seq.; 31 C. J. S. 55, 56, section 44.

We are not disposed to disturb the order of the trial court authorizing the expenditure of funds from the corpus of the estate (in which the widow has a life interest) for the repairs in question. Such expenditure is not an investment,

as contended by appellants. It is for the preservation of the property of the estate. The buildings upon this farm appear to be in such condition as to require extraordinary repairs to make them tenantable and prevent waste. Appellants have no interest in the realty itself but, if they survive, will share in the proceeds of its sale. In re Estate of Myers, 234 Iowa 502, 512, 12 N. W. 2d 211, 150 A. L. R. 254. The increased proceeds of the sale of the property will benefit them.

Nor does the will prohibit such expenditure. Its terms indicate the dominant purpose of testator was to make the net income from his moderate estate available for the support of his aging widow. If the expense of its rehabilitation must be paid from its earnings no substantial allowance would be available to the widow for several years.

Appellants have moved to strike appellee's brief because not filed within the time fixed by the Rules. The delay was not great and did not interfere with the submission of the case. The motion is overruled but the costs of printing such brief are taxed to appellee. All other costs upon appeal are taxed to appellants.—Affirmed.

GARFIELD, C. J., and BLISS, HALE, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.