CHARLES HAMILTON, Appellant, v. S. G. HAMILTON ET
AL., Appellees.

**Wills:** LIFE ESTATE: POWER OF DISPOSAL. A devise for life of the
residue of testatrix's estate with power of sale as needed for
support, and after the death of the life tenant the residue to
revert to the children of testatrix creates a life estate, and not
an absolute fee in the first beneficiary, with a limited power of
sale for a specific purpose.

**Same:** ALIENATION BY LIFE TENANT. One who takes a life estate with
power of disposal for needed support only, is not vested with
power to determine the propriety of a sale or mortgage of the
property to discharge or satisfy an existing incumbrance, or to
make improvements or repairs, since the power of alienation
is limited, and it is the duty of a life tenant to make ordinary
repairs.

**Appeal:** REVIEW OF MATTERS NOT RAISED BELOW. The appellate court
will not determine a question which is neither involved in the
pleadings nor adjudicated by the decree of the lower court, but
is raised for the first time on appeal.

*Appeal from Story District Court.*—HON. W. D. EVANS,
Judge.

SATURDAY, APRIL 11, 1908.

SUPPLEMENTAL OPINION MONDAY, NOVEMBER 23, 1908.

ACTION in equity to construe a will. On trial, the
petition was dismissed. There was judgment against
plaintiff for costs, and he appeals.—*Affirmed.*

*J. L. Stevens* and *McCarthy & Luke,* for appellant.

*Cummings & Mote, U. S. Alderman,* and *Theo. F.
Bradford,* for appellees.

BISHOP, J.—Some time prior to September, 1899, Tennetta M. Hamilton, late of Story County, died testate. By the instrument of will, provision was made by the testatrix, first, for the payment of her funeral expenses and just debts; "second, all the rest, residue and remainder of my estate, real, personal and mixed, of which I may die seised or possessed, or to which I may be entitled, I will, devise and bequeath to my beloved husband, Charles Hamilton, to have and to hold unto my said husband during his life, with full power to sell, transfer and dispose of same or as much thereof as may, from time to time, be needed for his support or maintenance during his said lifetime; third, I further direct that after the decease of my said husband, Charles Hamilton, all the then remaining property of my estate, both real, personal and mixed, shall revert to and is hereby given, devised and bequeathed to my children, equally, share and share alike." The death of said Tennetta M. Hamilton is alleged, as also due probate of the will. The petition is in two counts. In the first, plaintiff alleges that as surviving husband in virtue of the will he is the absolute and unqualified owner of all the property of which the testatrix died seised, and he prays that the instrument may be given construction conformably to the claim as thus made by him. In the second count the necessity for a sale of part of the real property of which the testatrix died seised is alleged, and an order granting authority to sell and convey is prayed.

In the first count the will is set out, and on the trial the instrument itself was introduced in evidence. As we think, the case on this count comes fairly within the rule of *In re Estate of Proctor,* 95 Iowa, 172; *Webb v. Webb,* 130 Iowa, 457, and other like cases. Following the rule of those cases, it must be held that the devise to plaintiff was of a life estate, with power of alienation for specific purposes added.

1. WILLS: life estate: power of disposal.

In the second count of the petition it is alleged that Tennetta M. Hamilton died seised of three lots in the town of Ames; that "the residence which plaintiff occupies as his home is situated on two of said lots, and that the other lot, while adjacent thereto, is vacant." It is then alleged that the said property as a whole is incumbered by a mortgage given by the decedent to secure payment of the sum of $1,000, now past due, with an accumulation of $100 interest; that the house and barn, on said premises, and the adjacent sidewalks, are in need of repairs; and that these and other improvements are necessary for the preservation of the property and to plaintiff's enjoyment thereof. The prayer of this count is that plaintiff be allowed to mortgage the property as a whole in the sum of $2,200, and that on finding a purchaser he be allowed to sell the vacant lot and apply the proceeds to the satisfaction of such mortgage. Defendants in answer admit the existence of the present mortgage, and offer to unite with plaintiff in a renewal thereof. They insist that as life tenant it is the duty of plaintiff to keep the property in repair, and they deny that any necessity exists for the sale of any of the lots, or the further incumbrance of any thereof, to meet the wants of plaintiff as for his support and maintenance. No evidence respecting the matters alleged in this count was introduced on the trial; the plaintiff relying on the provisions of the will as vesting in him the full legal right to determine for himself the appropriateness of the purpose and the question of necessity.

2. SAME: alienation by life tenant.

We think, as did the court below, that the provisions of the will do not afford warrant for the conclusion thus broadly contended for by plaintiff. The power of alienation is a limited one. He (plaintiff) may sell, etc., as "needed for his support or maintenance." As life tenant it is the duty of plaintiff to preserve the property by making ordinary repairs. 16 Cyc. 629. And there is no

rule on which he can predicate a demand that improvements shall be placed upon the property at the expense of the remaindermen for his benefit. There is no evidence that a sale of a portion of the property is necessary, to the end that the existing incumbrance may be taken care of; nor is there proof that such is required for the purposes of plaintiff's support and maintenance. In this situation, the demand of plaintiff was properly refused. *Baldwin v. Morford,* 117 Iowa, 72.; *Rowe v. Rowe,* 120 Iowa, 17; 30 Am. & Eng. Ency. 740.

On the conclusions expressed foregoing, the decree appealed from must be, and it is *affirmed.*

## SUPPLEMENTAL OPINION.

*Per Curiam.*—In a petition for rehearing the appellant urges upon our attention the proposition that, even if the estate granted or devised to him by the will be for life only, yet, under the added power which accompanies and qualifies such devise, he is the sole judge of his personal needs, and that, whenever he shall in good faith believe and determine that his maintenance and support in reasonable comfort requires it, he may sell and convey the property and vest his grantee with a good title in fee without application to or authority from the court, and without obtaining the consent of the remaindermen. We do not understand that said question was presented to or passed upon by the trial court. The petition presented for this court's consideration but two propositions: (1) That the will in question devised to plaintiff the entire fee, instead of a life estate; and (2) that in case the court should hold the devise to be of a life estate only, then authority was asked to mortgage the property to obtain money for making repairs and for other purposes. This was the only specific relief asked and the only questions raised as to the effect of the

3. APPEAL: review of matters not raised below.

will, and the general prayer for a construction of the will must of necessity be held to be a request for its construction with reference to the particular subjects thus submitted for the court's consideration. It is possible that a single sentence or two in the original opinion filed herein, if read without keeping in mind the questions which were alone under consideration, might bear the construction which appellant has placed upon them in his petition for rehearing; but it is enough to say that the power of the life tenant, under the terms of this devise to sell and convey the fee without order from the court, was not raised by the pleadings, and there is nothing in the decree entered by the court below nor in the opinion heretofore filed in this court which attempts to settle or adjudicate that question.

The petition for rehearing is therefore overruled.