## S. J. McCord, Appellant, v. Page County, Appellee.

**SHERIFFS AND CONSTABLES:** Compensation—Care of Prisoners
1 —Statute—Construction. Compensation for "waiting on and washing for prisoners," as provided by Section 511, Paragraph 17, Code Supplement, 1913, is *in addition* to the regular salary of the sheriff as provided by Section 510-a, Code Supplement, 1913. All provisions of statutes *in pari materia* must, if possible, be given effect.

**SHERIFFS AND CONSTABLES:** Reports—Quarterly Reports—Necessity. In an action by a sheriff to recover compensation for "waiting on and washing for prisoners," plaintiff should state in his petition whether or not such claims were presented quarterly to the board of supervisors, and, if so presented, the amount, if any, allowed thereon. See Section 508, Code Supplement, 1913.

**COUNTIES:** Claims Against Counties—Presenting Unliquidated
3 Claims. In an action by a sheriff to recover of a county for "waiting on and washing for prisoners," plaintiff should state when and in what manner he demanded payment from the board of supervisors.

**SHERIFFS AND CONSTABLES:** Compensation—Care of Prisoners
4 —Pleading. In an action by a sheriff to recover compensation for caring for prisoners for a series of years running through a series of succeeding official terms, plaintiff need not state the number of official terms served and the beginning and end thereof, nor separate his claims by official terms and in separate counts.

**LIMITATION OF ACTIONS:** Computation of Period—Claims
5 Against County—Quarterly Report. The statute of limitations on a claim by a sheriff against a county "for waiting on and caring for prisoners," commences, as to each quarter of each year, to run from the date when the sheriff should, under Section 508, Code Supplement, 1913, have filed a quarterly itemized report covering the claim.

*Appeal from Page District Court.*—J. B. Rockafellow, Judge.

Saturday, April 7, 1917.

Plaintiff alleged in his petition that, during a period of 7 years prior to January 1, 1911, he was sheriff of Page County, and as such was in charge of the county jail and custodian of the prisoners committed thereto—

"That, from the beginning to the end of said period, he waited on said prisoners, the same being equivalent to 7,006 days for one prisoner, as shown by tabulated statement hereto annexed, marked Exhibit 'A' and made a part of this petition; that the service so rendered consisted of washing, scrubbing and cleaning the bedsteads and bedding, cleaning and renovating the jail, heating and carrying water to the prisoners with tubs and other appliances for bathing, taking the prisoners to and from barber shops for shaves or securing barbers to come to them, mailing their letters and in divers other ways doing for them; that such services were regularly and faithfully rendered by him or members of his family for him; that at divers times he made demand of the board of supervisors of the defendant county for compensation for said services and was refused payment; that, on the 20th day of July, 1915, the plaintiff filed with the county auditor and caused to be presented to said board a formal claim for his said services, setting forth a tabulated statement such as hereto annexed, and claiming the sum of $1,401.20, and interest thereon in the sum of $366.80; that his said claim was denied and payment refused; that the charge, 20 cents per day, made for said services, is the reasonable charge therefor; that the account for the same is the property of the plaintiff, is due, and no part thereof has been paid."

The tabulated statement recited the number of prisoners and the number of days for all for each quarter

of each year of plaintiff's incumbency. Judgment for the amounts stated was prayed. The defendant, in a motion for more specific statement, asked that plaintiff state: (1) Whether his claim for compensation is under Section 510-a, Code Supplement, 1913, or for additional compensation; (2) the names of prisoners and the time each was in jail; (3) whether he made quarterly itemized reports to the board of supervisors each quarter for the services for which compensation is sought, and, if so, how much was allowed by the board for each quarter; (4) when and in what manner he made demand on the board of supervisors for compensation as alleged; and (5) how many terms he served as sheriff and the dates each term commenced and ended. Defendant also moved that plaintiff be required to separate his causes of action, so as to show defendant's alleged liability for each separate term of office, in a distinct count or division of the petition, and number each. The second paragraph of the motion was overruled, and all others sustained. The plaintiff elected to stand on the rulings, and the petition was dismissed. The plaintiff appeals.—*Reversed.*

*T. F. Willis* and *J. E. Hill,* for appellant.

No argument for appellee.

1. SHERIFFS AND
CONSTABLES:
compensation:
care of prison-
ers: statute:
construction.

LADD, J.—I. The plaintiff was sheriff of Page County from January 1, 1904, to January 1, 1911, and in this action demands reasonable compensation for services, consisting "of working, scrubbing, and cleaning the bedsteads and bedding, cleaning and renovating the jail, heating and carrying water to the prisoners with tubs and other appliances for bathing, taking prisoners to and from barber shops for shaves, getting barbers to come to them, mailing their letters, and in divers other ways doing for them." The defendant moved that the petition be made more spe-

cific by stating whether the compensation claimed was as a part of the compensation provided under Section 510-a, Code Supplement, 1913, remaining unpaid, or as compensation additional to that provided in that section, and the motion was sustained.

Paragraph 17 of Section 511, Code Supplement, 1913, declares that, "for waiting on and washing for prisoners, the sheriff shall have such reasonable compensation as shall be allowed by the board of supervisors."

Section 510-a, Code Supplement, 1913, provides that the sheriff in counties like Page "shall receive in full compensation for his services, including the salary provided by Section 511 of the Code, the sum of two thousand dollars per annum, the same to be paid out of the receipts of the office."

The services for which payments are claimed are alleged to have been rendered in waiting on and washing for prisoners, and necessarily come within Paragraph 17 as above quoted; and the real question involved is whether Section 510-a as quoted should be construed to include such services. If so, what purpose was Paragraph 17 intended to serve? Why authorize the board of supervisors to allow reasonable compensation, if this were already provided in the previous section? Every other paragraph of the 23 making up Section 511 of the Code Supplement, except that relating to furnishing food and lodging to prisoners (Paragraph 16), and to a dwelling for the jailer (22), and Paragraph 23, fixing the sheriff's salary, which is expressly covered by Section 510-a, fixes a fee or fees for some service to be rendered by the sheriff, and such fees constitute the receipts of his office, out of which his salary is to be paid.

Section 510-a also provides "that all fees earned, except mileage, and uncollected at the end of each year shall belong to the county," and any excess collected by the sheriff over his salary "shall be paid into the county treasury

annually." It could hardly have been contemplated that the board of supervisors should have allowed the sheriff reasonable compensation for "waiting on and washing for prisoners" only to enable him to turn the same into the county treasury! The compensation provided for in Paragraph 17 cannot properly be denominated fees, and the more reasonable deduction is that the compensation provided in Section 510-a is in lieu of all fees earned by the sheriff, and, as ordinarily the sheriff does not personally render the services contemplated by Paragraph 17, and these are usually performed by the jailer or others, an additional amount may be allowed therefor. The previous paragraph (16) fixes the compensation to be paid for feeding and lodging prisoners, and this (17) covers the labor involved in waiting on and washing for them. The value of these services could not well have been defined by statute, and for this reason, doubtless, the matter of fixing reasonable compensation was left to the board of supervisors, to be determined in view of existing conditions. Both paragraphs relate to the care of prisoners, for all of which the county is to pay, aside from the salary of the sheriff. Only by so construing these statutes can any effect be accorded to Paragraph 17, and its elimination is to be avoided if possible. We are of opinion that the petition stated a case for compensation under Paragraph 17 of Section 511 of Code Supplement, 1913, and that the court erred in requiring plaintiff to allege whether such claim was under Section 510-a, Code Supplement, 1913.

II. Defendant also moved that plaintiff state whether he had made quarterly itemized reports to the board of supervisors each quarter he served as sheriff, the amounts claimed by him, and, if so, how much he had been allowed by the board each quarter. Section 508, Code Supplement, 1913, requires:

**2. Sheriffs and Constables: reports: quarterly reports: necessity.**

"Quarterly itemized reports under oath, upon blanks to be furnished by the county auditor, shall be made to the board of supervisors by the sheriff, of all fees and mileage charged or taxed, and all that are collected by him and his deputies, including all sums for which the county is liable, except for dieting and lodging prisoners;"

But for the exception therein, this section might well be construed as relating to fixed fees only. Had claims "for waiting on and washing for prisoners" not been intended to be included, these probably would have been mentioned in the exception. The manifest purpose is to require the sheriff to make quarterly reports of all matters not to be found in the public records, to the end that settlements be effected while truth as to any disputed items or facts may readily be ascertained. The dieting and lodging of prisoners are mere matters of computation, as complete records are kept by the sheriff. Section 5641, Code. We are of opinion that claims for "waiting on and washing for prisoners" must have been presented to the board of supervisors by plaintiff at the end of every three months during his several terms of office; and if for any reason he did not do so, he should so state, and if he did, he should state how much was allowed, to the end that only precisely what he then claimed, the amount allowed, and the balance, if any, remaining unpaid, shall be litigated; or, if his claim is for an additional amount, the basis thereof may be ascertained. There was no error in requiring plaintiff to allege the matters mentioned.

III. Another paragraph of the motion asked that plaintiff state in his petition when and in what manner he demanded of the board of supervisors compensation for the services alleged, and it refused payment.

**3. Counties: claims against counties: presenting unliquidated claims.**

Section 3528 of the Code provides:

"No action shall be brought against any county, on an

unliquidated demand, until the same has been presented to such board and payment demanded and refused or neglected."

The petition alleged that demand had been made for compensation for said services "at divers times" and refused, and, in view of the above statute, the motion was rightly sustained. That the date and kind of a demand was alleged, in addition to the above, does not obviate this conclusion; for, notwithstanding this, plaintiff may rely on the demands and refusals first alleged.

IV. The 5th paragraph of the motion

**4. Sheriffs and Constables: compensation: care of prisoners: pleading.** asks that plaintiff be required to state how many terms he served and the beginning and end of each. This portion of the motion should have been overruled. The period of his service as sheriff is alleged, and the law fixed the time of each term of office. It was unnecessary to plead what the law ascertained. Another portion of the motion sought to have the petition show defendant's liability for each term of office, and allege and plead his claim for compensation for services rendered during each term in a separate count, and consecutively number the several counts. The petition, in an exhibit made a part thereof, alleged the number of prisoners and the number of days cared for in each quarter of each year, and that reasonable compensation per day would be 20 cents. There was no necessity, then, for more specifically specifying the liability for each year.

Nor do we think there was any ground

**5. Limitation of Actions: computation of period: claims against county: quarterly report.** for separating into counts. The services rendered were continuous and of the same kind, and the claim therefor not different in one term than in another. The only object of so doing would be to enable defendant to interpose the statute of limitations by way of demurrer. This may be

done with the petition in its present form, for the claim for compensation during any quarter of any year may be thus assailed. This portion of the motion should have been overruled.

The rulings are found erroneous, and the judgment is— *Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.