S. J. McCord, Appellant, v. Page County, Appellee.

PLEADING: Demurrer—Ruling on Demurrer Not Law of Case. Defendant may, in his answer, plead the statute of limitations, even

though his demurrer to the petition on the same ground be overruled.

OFFICERS: Duties—Failure to Make Reports. Failure of the county
2   authorities to furnish the sheriff blanks upon which to make his
    quarterly reports, as required by Sec. 508, Code Supp., 1913, furnishes no justification for the failure to make such reports.

COUNTIES: Claims Against County—Waiting on Prisoners. The
3   statutory provision that the board of supervisors shall allow the
    sheriff a reasonable compensation for "waiting on and washing for
    prisoners" does not contemplate that the board shall fix such compensation *prior to the rendition of the service.*

OFFICERS: Duties—Quarterly Reports. Principle reaffirmed that the
4   statute of limitation commences to run on a claim of a sheriff for
    waiting on and washing for prisoners from the close of each quarter
    of the year. (Sec. 508, Code Supp., 1913.)

LIMITATION OF ACTIONS: Official Fees as Current Account. A
5   claim by a sheriff for waiting on and washing for prisoners is a continuous, open, and current account *only during each separate and
    distinct quarter of the year.*

OFFICERS: Compensation—Indivisible Claim. The statutory claim
6   of a sheriff for "waiting on and washing for prisoners" is *indivisible.* He may not present a claim, and be paid for *washing* for
    prisoners, and later, for the same quarter, present and demand payment of a claim for *waiting* on prisoners.

*Appeal from Page District Court.*—E. B. Woodruff, Judge.

OCTOBER 19, 1921.

ACTION brought to recover compensation for waiting on
prisoners, as provided in Section 511, Code Supplement, 1913,
Paragraph 17. Trial to the court without a jury. Recovery was
denied, and plaintiff appeals.—*Affirmed.*

*T. F. Willis,* for appellant.

*L. H. Mattox* and *Homer S. Stephens,* for appellee.

ARTHUR, J.—I. Plaintiff alleges that, as sheriff of Page
County from January 1, 1904, to January 1, 1911, he was in
charge of the county jail, and waited on the prisoners confined

therein; that his services consisted of washing, scrubbing, and cleaning the bedsteads and bedding, cleaning and renovating the jail, heating and carrying water to the prisoners, with tubs and other appliances for bathing, taking the prisoners to and from barber shops for shaves, or securing barbers to come to them, mailing their letters, and in divers other ways doing for them; that at divers times he made demands on the board of supervisors for compensation for services, and was refused payment; that, on July 20, 1915, he filed with the county auditor and presented to the board of supervisors a claim for such services, claiming the sum of $1,401.20, with interest thereon in the sum of $336.80; that his claim was denied, and payment refused. Plaintiff further alleges that he did not render quarterly itemized statements of claims for his services, as required by Section 508 of the Code, for the reason that the county auditor of said county refused to furnish him blanks on which to make out such claims, and for the further reason that the board of supervisors refused to fix a stated amount per prisoner per day to be allowed for such services, upon his oral demand that the board fix such amount; and alleges that, by reason of such failure to furnish blanks to fix the amount for such services, the defendant county waived the requirement that plaintiff file quarterly itemized reports, and that, by the defendant county's conduct, he was excused from filing such reports, and that defendant is estopped to say that such reports were not filed, as required by statute; and demands judgment against defendant for $1,401.20, with interest from July 1, 1911.

Defendant county admits that plaintiff did not make quarterly itemized reports for compensation claimed by him, as required by Section 508; denies that it refused to furnish plaintiff blanks for making such claims; and denies that it has waived the requirements of Section 508, and that it is estopped thereby to say that such reports were not filed as required by statute.

Defendant alleges that, at frequent intervals, plaintiff made claims against it for washing for prisoners, as provided in Paragraph 17 of Section 511 of the Supplement to the Code, 1913, and that these claims were all paid and settled in full by defendant; that plaintiff accepted such payment; and that, by his acceptance of the amount so allowed, his whole claim against

the county, under Section 511, was fully paid and satisfied. Defendant also pleads payment, accord, and satisfaction; that, at the end of each quarter, a cause of action accrued to plaintiff on his claim for such services for said quarter; that this action was commenced on the 4th day of September, 1915; and that plaintiff's cause of action for his services for each and every quarter of his incumbency of office, except the third and fourth quarters of the year 1910, did not accrue within five years before the commencement of this action.

Defendant further alleges that plaintiff made itemized reports, as required by Section 508, for all claims he had against the county, except for waiting on prisoners; that such reports and claims were approved by the board of supervisors, and that settlement was made with plaintiff, as required by Section 508; that, during the entire time of plaintiff's terms as sheriff, and up to January 20, 1915, he made no claim whatever for waiting on and washing for prisoners, and that no claim was presented to the board, so that the same could be acted upon, except that, during all of the time plaintiff was an incumbent of the office, he made claims at stated intervals for washing for prisoners, as provided in Paragraph 17 of Section 511, and that full settlement was made with him on such claims for washing for prisoners, and he was paid in full for such services; that plaintiff did not make the claim in suit until July 20, 1915, which was more than 4½ years after his last term of office had expired, and more than 11 years after his right to compensation for such services for the first quarter of his first term had accrued; and that, because of the lapse of so many years after such services were rendered, and by reason of the laches of plaintiff in presenting his claim, by reason of his long acquiescence in the settlements made with him, and by reason of plaintiff's negligence in failing to make claims against defendant for such services, as provided by law, plaintiff waived all claim against the defendant for services, and plaintiff is estopped from claiming and recovering anything for such services.

Replying, plaintiff admits that he made claims against the county at various times for *washing for* prisoners, which claims were paid, but denies that the payment thereof constituted in any way a settlement of the claims now urged for *waiting on*

prisoners, and denies that the same constituted full settlement. Plaintiff states that whatever delay there was on his part in making claim for waiting on prisoners was due to the fault of the defendant in failing to furnish him with blanks on which he could make his claims, and in failing and refusing to fix a reasonable compensation for such services to be included in his claims, and pleads that defendant is estopped to rely upon and plead the statute of limitations.

Plaintiff further says that he could bring no action on his account until claim therefor was filed with the defendant county and payment refused, and that five years have not elapsed since the filing of said claim and refusal to pay the same; that the claim he is now urging against the defendant county is a running account, and constitutes but one sole cause of action, and that five years have not elapsed from the last item of the account to the time of the bringing of this action; that waiver is of a contractual nature, and would be against public policy; and that the waiver and estoppel claimed by defendant are not of matters which could be waived.

A jury was waived, and the case tried to the court. The court dismissed plaintiff's action, and rendered judgment against him for costs.

There is no dispute as to material facts.

Plaintiff served as sheriff of Page County from January 1, 1904, to January 1, 1911. During this time, he had charge of the jail of Page County, and was custodian of the prisoners committed during that time. He washed the prisoners' personal clothing and bedclothing, scrubbed and cleaned the jail, and performed the usual and ordinary services necessary in waiting on and caring for the prisoners. Plaintiff kept a book entitled "Prisoners' Expense Account." This book was ruled in columns, giving the names, ages, and sex of the prisoners, the date when received, the charge made for boarding each prisoner, charges for washing for each prisoner, fees for receiving and releasing each prisoner, a column for the total expense account for each prisoner, and the date of discharge. This book also had a column for miscellaneous charges. In the column "washing" appears a charge after the name of every prisoner, commencing with the first entry, dated January 2, 1904, and ending Decem-

ber 28, 1910. The total amount collected for "washing" was $246.35. Final settlement was made on January 11, 1911, with plaintiff by the board for all the charges and claims set out in the book "Prisoners' Expense Accounts." These claims included the claim for "washing." Plaintiff says that his claim for "washing" for prisoners did not include anything for "waiting on" prisoners, and that the reason he included washing in his statement, and did not include services for waiting on prisoners, was that the blanks the county furnished and the "Prisoners' Expense Account" book furnished by the county had columns for washing, but no columns for waiting on prisoners.

Plaintiff offered testimony that reasonable compensation for his services in waiting on prisoners was from 15 to 35 cents per prisoner per day. Plaintiff himself testified that such service was worth 20 cents, and 20 cents per day per prisoner is the compensation he demands.

Defendant demurred to plaintiff's petition as amended, based on the statute of limitations, and the demurrer was overruled. Defendant then answered, setting up, among other defenses, that plaintiff's action was barred. Plaintiff moved to strike defendant's amended and substituted answer, which motion was by the court overruled.

II. Plaintiff assigns as error the overruling of the motion to strike, urging that the overruling of defendant's demurrer to his petition precluded defendant from raising the same issue by answer, thus claiming that the ruling on demurrer becomes the law of the case, and that the same question cannot be raised at subsequent stages of the proceeding by answer, or by objections to testimony offered. This assignment is without merit. *Back v. Back,* 148 Iowa 223; *Buchanan v. Blackhawk Coal Works,* 119 Iowa 118; *Frum v. Keeney,* 109 Iowa 393.

1. PLEADING: demurrer: ruling on demurrer not law of case.

The decided weight of authority is to the effect that the statute of limitations may be pleaded, unless waived by agreement, express or clearly to be implied, that this will not be done. *McKay v. McCarthy,* 146 Iowa 546; *Howe v. Sioux County,* 180 Iowa 580.

III. Plaintiff assigns as error the finding of the court that there was no sufficient legal excuse for plaintiff's failure to file

his claim with the county auditor for *waiting on* prisoners, at
the end of each quarter, as provided by Section
508 of the Code, and that the court erred in
his conclusion of law that the defendant county
was not estopped from pleading the statute of limitations.

2. OFFICERS:
duties: failure
to make reports.

The plaintiff pleads that he did not render the quarterly
itemized reports for the matters covered by his claim, as pro-
vided in Section 508, and gives as his principal reasons that he
was not furnished blanks for so doing, and that the board did
not fix a stated amount per person per day for *waiting on* pris-
oners. He pleads these reasons as estoppel against the defendant
to say that his reports were not filed as required by statute,
and says the defendant waived such requirement. The court
found, as a matter of law, that the facts proved by plaintiff in
reference to these matters, did not constitute an estoppel against
the county to plead the statute of limitations. The statute does
not require the board to fix the compensation per day per pris-
oner for washing for and waiting on prisoners, in advance of
the sheriff's filing claim for such services. Paragraph 17 of
Section 511 of the Code is as follows:

"For waiting on and washing for prisoners, the sheriff
shall have such reasonable compensation as shall be allowed by
the board of supervisors."

We think that this provision cannot be construed as requir-
ing the board to fix the amount of this compensation in advance
of the filing of any claim. It is evident that what would be
reasonable compensation for waiting on and
washing for one prisoner might be very different
from the reasonable compensation for rendering
such service to another person. Some prisoners, on account of
sickness or physical disability, might require very much more
attention than others. It was the sheriff's duty to file his claim
for such compensation. It was then the duty of the board to
pass upon the claim. The plaintiff did not file any claim for
his services, unless it was near the close of his last term of
office, but simply talked it over with members of the board.
It was evident that the board could not act on plaintiff's claim
for waiting on prisoners, when he presented no claim. Appellant

3. COUNTIES:
claims against
county: waiting
on prisoners.

offered no sufficient excuse for not complying with the statute as to filing his claim for waiting on prisoners.

IV.   This case was before this court once before, and is reported in 179 Iowa 1032.

Appellant claims that the court's ruling goes beyond the requirements laid down by this court. We think not. We said:

4. OFFICERS: duties: quarterly reports.

"We are of opinion that claims for 'waiting on and washing for prisoners' must have been presented to the board of supervisors by plaintiff at the end of every three months during his several terms of office; and if for any reason he did not do so, he should so state, and if he did, he should state how much was allowed, to the end that only precisely what he then claimed, the amount allowed, and the balance, if any, remaining unpaid, shall be litigated; or, if his claim is for an additional amount, the basis thereof may be ascertained."

We think the court was correct in holding that the excuses offered by the plaintiff for not filing his claims quarterly, as provided by statute, were not sufficient, and did not stay the running of the statute of limitations; and that the claims in this case are barred, except for the last two quarters of the year 1910. Code Section 508; *McCord v. Page County,* 179 Iowa 1032.

V.   Appellant contends that the court was wrong in his conclusion of law that appellant's entire claim, except for his services for the last two quarters of the year 1910, was barred by the statute of limitations. He urges that the various items of services which he rendered for the prisoners constituted a continuous, open, current account, under Section 3449 of the Code, and that for that reason no part of it would be barred by the statute of limitations. In *Griffin v. Clay County,* 63 Iowa 413, we held that each term of office of a county treasurer was a separate source of employment, and that the balance of salary due the county treasurer for each year he performed the duties of his office was not an open account; that his salary was due at the end of each year, or at least at the end of each separate term, and should have been collected at that time. In the instant case, it made no difference, in regard to the running of the statute, whether the claim was presented and disallowed by the board, or whether

5. LIMITATION OF ACTIONS: official fees as current account.

the appellant, sheriff, failed to present his claim. To hold that plaintiff's claim, covering a period of seven years, was a continuous, open, current account, would defeat the purpose of Section 508 of the Code, requiring the officer to make settlement at the end of each quarter. Of course, during each quarter, the account for that quarter is open and current. But the entire account, covering seven years, giving effect to Section 508 of the Code, has none of the elements of a continuous, open, current account.

VI. We come now to consider whether plaintiff is entitled to recover on his claim for the last two quarters.

It is urged by defendant county that, in law, the claims filed by plaintiff, under Paragraph 17, Section 511, included all demands due plaintiff under said Paragraph 17. The plaintiff insisted, in his testimony on the trial, that his claims which he filed under Paragraph 17, and which were allowed and paid, were for "washing" of the personal clothing only of the prisoners, and that his claim in this case is for "waiting on" prisoners, such as "working, scrubbing, cleaning bedsteads and bedding, and cleaning and renovating the jail," etc. The trial court was of the opinion, and so held, that the phrase in Paragraph 17 of Section 511, "washing for prisoners," means more than washing the prisoners' garments, and necessarily includes the items of plaintiff's claim of "scrubbing and cleaning the bedsteads and bedding, and cleaning and renovating the jail," which plaintiff construed to be "waiting on prisoners." It was the thought of the court that plaintiff, in now claiming for the items of scrubbing and cleaning the bedsteads and bedding, and cleaning and renovating the jail, is seeking to increase his claims heretofore made for "washing for prisoners;" and that, having once been paid for "washing for prisoners," he cannot now recover for the same service, even if he failed to claim for that part of "washing for prisoners" the items he now claims for.

*Harding v. County of Montgomery,* 55 Iowa 41, is cited in support of the holding. Accordingly, the court held that he could not determine, under the evidence, how much of plaintiff's present claims are for such washing, and how much for the other items mentioned in his petition, and therefore the court

6. Officers:
compensation:
indivisible
claims.

could not render judgment in plaintiff's favor for anything. The trial court held, in effect, that the item of "waiting on and washing for prisoners" mentioned in Paragraph 17 of Section 511, Supplement to the Code, 1913, is indivisible, and should be; that claims therefor should be presented together, at the same time, so that the board would not be misled; and that for that reason plaintiff was not entitled to recover.

The majority accept the view of the trial court, and hold that appellant is precluded from recovery also for services claimed for waiting on prisoners during the last two quarters of the year 1910.

The judgment of the trial court is affirmed.—*Affirmed.*

EVANS, C. J., WEAVER, PRESTON, STEVENS, FAVILLE, and DE GRAFF, JJ., concur.