G. K. SWIFT, Appellee, v. O. W. PETERSEN, Appellant.

No. 47414.

(Reported in 37 N. W. 2d 258)

MAY 3, 1949.

More & More, of Harlan, for appellant.

White & White, of Harlan, for appellee.

HAYS, J.—This is a law action, tried to the court without a jury, on a promissory note in the amount of $1350, dated January 5, 1911, due January 5, 1912. To a defense of the statute of limitations plaintiff alleges estoppel to so plead. The court found a promissory estoppel and entered judgment for the amount of the note. Defendant appeals.

Appellant predicates his appeal upon two propositions: (1) Lack of evidence to sustain the court's findings, and (2) assuming the statute to be tolled, by the alleged promise, this promise is now outlawed.

■ I. The second proposition is without merit as it is entirely inapplicable to the issues raised by the pleadings, and the theory upon which both parties presented the matter to the trial court. This proposition is based upon the assumption that the oral promise revived the debt under section 614.11, Code of 1946. Appellee does not contend that the debt is revived but asserts that the question of the statute of limitations cannot be urged as a defense. This doctrine is distinct from a statutory tolling of this defense. As stated in 34 Am. Jur., Limitation of Actions, section 411, page 323, "The doctrine of estoppel to rely on the defense of limitations is entirely independent of statutes providing for the suspension of the statute by an acknowledgment or new promise * * *."

II. The first proposition raises both a legal and a factual question. Is the doctrine of "promissory estoppel" recognized by this court, and, if so, do the facts established in the trial court bring it under the rule?

Promissory estoppel according to Restatement of the Law, Contracts, section 90, means that "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." I Williston on Contracts, Rev. Ed., section 139, page 502, states:

"There would seem, however, compelling reasons of justice for enforcing promises, where injustice cannot be otherwise avoided, when they have led the promisee to incur any substantial detriment on the faith of them, not only when the promisor intended, but also when he should reasonably have expected such detriment would be incurred, though he did not request it as an exchange for his promise."

19 Am. Jur., Estoppel, section 53, page 659, states:

"According to the weight of authority, one who, by promises or assurances that he will pay or that he will not take advantage of a statute of limitations or the like, induces another to forgo his rights and to delay suit until after the expiration of the period of limitation is estopped from asserting the statute as a bar to the creditor's action * * *."

See also Fried v. Fisher, 328 Pa. 497, 196 A. 39, 115 A. L. R. 147; 31 C. J. S., Estoppel, section 80; annotations, 115 A. L. R. 152; 130 A. L. R. 8.

While this question does not appear to have been heretofore before this court, a somewhat modified version of the doctrine appears in Holman v. Omaha & C. B. Ry. & B. Co., 117 Iowa 268, 90 N. W. 833, 62 L. R. A. 395, 94 Am. St. Rep. 293. There, plaintiff had been injured by defendant's cars and in negotiations for a settlement had been assured by the defendant that the statute of limitations would not be interposed, intending for plaintiff to rely thereon, which she did. When suit was commenced after the statute had run it was held defendant was estopped from asserting the same. At page 273 of 117 Iowa, page 834 of 90 N.W., we said:

"We find no difficulty * * * in holding that although the defendant did not definitely promise to pay any sum by way of settlement, and the plaintiff did not promise to forbear suit for any specified period, nevertheless, if Dimmock, for the defendant, gave assurance that the statutory limitation would not be interposed, with the intention that plaintiff should rely on such assurance, and plaintiff, relying on such assurance, postponed the bringing of action until after the expiration of the statutory period, then the defendant estopped itself from interposing the statutory bar to this action, which was brought as soon as it became apparent that the negotiations * * * would be ineffectual."

Appellee cites this case as establishing the doctrine of promissory estoppel in Iowa, and while this case definitely announces the rule that estoppel need not be predicated upon a contract,

our more recent expression on the question·has limited the rule as there announced.

McKay v. McCarthy, 146 Iowa 546, 553, 123 N.W. 755, 758, 34 L. R. A., N. S., 911, involved an oral promise to pay, where suit was threatened for the fraudulent sale of stock, although there was no promise not to plead the statute of limitations, nor was fraud alleged in the making of the promise. In denying the plea of estoppel, we said:

"We are of opinion that statements calculated to dissuade a litigant from beginning an action and not designed to induce its postponement merely will not, in the absence of fraud, estop the party making them from availing himself of the plea of the statute of limitations. * * * If, in reliance * * * on his promise that he would see that the amount invested would be restored, plaintiff was induced not to institute suit, this furnishes no reason for setting aside a statute enacted in the interest of a beneficent public policy when he finally changes his mind."

In McCord v. Page County, 192 Iowa 357, 362, 184 N.W. 625, 627, we said: "The decided weight of authority is to the effect that the statute of limitations may be pleaded, unless waived by agreement, express or clearly to be implied, that this will not be done." See also Howe v. Sioux County, 180 Iowa 580, 163 N.W. 411; Welu v. City of Dubuque, 202 Iowa 201, 209 N.W. 439; Bundy v. Grinnell Canning Co., 215 Iowa 674, 244 N.W. 841; Olson v. Larson, 233 Iowa 1032, 8 N.W. 2d 697; Smith v. Coutant, 232 Iowa 887, 6 N.W. 2d 421.

Thus it appears that the doctrine of "promissory estoppel," as defined herein, has been modified by this court to the extent that a specific agreement, express or implied, must exist or actual fraud in the making of the promise must appear before the rule will be adopted, and then only where the other elements of estoppel are present, although the promise need not be of a past or present fact but may be of some future conduct or situation.

Does the instant case come within this rule? The facts, in many respects, are not in dispute. It is admitted that the note was given by appellant to his brother, J. J. Petersen, payee,

in Omaha, Nebraska, January 5, 1911 and was due January 5, 1912. At that time, and at all times subsequent, appellant resided in Illinois and the payee in Nebraska. Nothing has been paid on this note. Recently the mother of appellant and the payee died and her estate is being administered upon in Shelby County, Iowa. J. J. Petersen, as the executor of her will, has in his hands a bequest of $1250 due the appellant. The note was assigned to the plaintiff, appellee, who brought suit in May 1946, aided by attachment whereby this legacy was held by garnishment.

There is sharp conflict between the statements of appellant, who testified by deposition, and J. J. Petersen, the payee of the note. J. J. Petersen, as a witness for the plaintiff, states: For some ten years after the note was given, appellant would spend the holidays in Iowa and Nebraska. In 1915, and on numerous occasions since, appellant, when asked for a payment on the note, stated that it was good and would never be outlawed. Letters written in 1914, 1917, 1920 and 1926 by J. J. Petersen to the appellant and asking payment were not answered, and that in reliance upon this promise, suit was not brought at an earlier date. The record shows the following:

"Q. Now, then, at the time you brought suit on this note, I wish you would tell the court whether or not you relied on his statement that the statute of limitations would not be raised on your note on suit? A. Well, I never brought suit until the money was supposed to be divided between the heirs of the estate * * *. Q. The question is whether you relied on his statement that that note would not be outlawed? A. That is what I relied on."

On cross-examination, he stated:
"Q. Well, your brother told you he would never let it outlaw, did you give any credit to what he said then? A. I hoped he would pay it. Q. Did you give any credit to what he told you? A. No."

Further on cross-examination he stated that the reason suit had not been brought before was that there was nothing to take a lien on. That suit was not brought sooner as it was one request of his mother that he not bring suit while she lived.

Appellant denies having ever been asked to make a payment on the note and states that it was given as evidence of a share by his brother in an invention that he, appellant, was working on. He denies that he ever mentioned the statute of limitations, or stated that the note would never outlaw.

The trial court found that appellant had promised that the note would not outlaw, which promises were essentially fraudulent and intended to be relied upon by promisee, and were actually relied upon by him. It found "that the words and conduct of appellant in reference to his note constituted promissory estoppel, giving also some force to the fact that it should be rightly assumed by one brother that one of his own blood will not delude and double-cross him."

Even under the broad doctrine of promissory estoppel, it is an essential element that the promisee relied upon the promise to his detriment. This is his burden to establish and it must be clearly shown. In re Trust of Lunt, 235 Iowa 62, 16 N.W. 2d 25; Anfenson v. Banks, 180 Iowa 1066, 163 N.W. 608, L. R. A. 1918D 482; Weinrich v. Hawley, 236 Iowa 652, 19 N.W. 2d 665. An examination of the record clearly shows an absence of proof of such reliance. In fact it shows the reason for the delay in bringing suit is twofold: (1) no property of appellant available on execution, and (2) the request of the mother not to sue while she was alive. At no time does it appear that appellee had any thought of suit, which was postponed on account of the promise of appellant, until the legacy was available under the mother's will.

It is true, as argued by appellee, that since a jury was waived the findings of the court have the force of a verdict, but it does not follow that where the evidence does not sustain the findings we must accept them. Whether the trial be to the jury or to the court, without a jury, the correct doctrine is well stated in Anfenson v. Banks, supra, Justice Weaver speaking, where it is said at page 1119 of 180 Iowa, page 625 of 163 N.W.:

"The true rule in this, as in the trial of other jury issues, is that, at the close of all the testimony, if, to the judicial mind, the evidence, tested by the law of the issues and the rules of evidence, is not sufficient to justify a jury fairly and reasonably in finding

a verdict for the plaintiff, the court should so direct the jury." Citing Pleasants v. Fant, 89 U. S. 116, 22 L. Ed. 780.

Applying this yardstick to the case at bar, we are satisfied that appellant's first assignment of error must be sustained and the judgment of the trial court reversed.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.