**Albert L. OFFERMANN, Appellant,**

v.

**Ethel DICKINSON and City of Davenport, Appellees.**

**No. 53939.**

Supreme Court of Iowa.

March 10, 1970.

Waldo M. Wissler, Davenport, for appellant.

Eckerman, McFerren, Fair & McGrath, Davenport, for appellees.

REES, Justice.

By action at law plaintiff, having a remainder interest in five separate tracts of real estate with rental properties thereon, sought damages for waste from life tenant and eviction of life tenant therefrom. After jury-waived trial, court found appellant had not proved waste committed by appellee and dismissed petition. Plaintiff appeals and we affirm.

The properties in question are four small single-family houses and one four-family apartment house situated in an industrial area in the western part of the city of Davenport near the intersection of Rockingham Road and Fillmore Street. The four small single-family houses are occupied by tenants and have been occupied at all times pertinent to the controversy. The four-family apartment house has not been occupied for a number of years, has fallen into considerable disrepair, and has in fact been condemned by the city authorities. The city of Davenport was joined as a party to this suit in order that it might be en-

joined from proceeding with the demolition of the building consequent to the condemnation. All of the buildings are of frame construction, and all are over 100 years old.

In 1926 one Adolph Offermann died testate leaving to his widow Ethel, now Ethel Dickinson the appellee, a life estate in all of the five properties involved here, with the remainder to his son Albert, the appellant. The appellee is 85 years of age, and the appellant 75 years of age, and it was stipulated at the time the suit was started in the court below that appellee had a life expectancy of 4.6 years. The properties in question at the death of Adolph Offermann, therefore, had to be well over a half century old. The relationship between the appellant and the appellee has been, to say the least, strained; they have not cooperated with each other in the management and control of the properties, and in fact have not spoken to each other for well over 40 years.

The trial below was to the court, no jury having been demanded. The appellant testified as did his nephew, a Davenport attorney, who has acted as agent in the management of certain other properties of appellant. The building inspector, electrical inspector, plumbing inspector, heating inspector and a building contractor all testified as to the present condition of the buildings, and all seemed to be in general agreement that the four-apartment frame building had deteriorated almost to the point of no return, from vandalism and a lack of maintenance and repair. The several official city inspectors testified that none of the buildings could meet the city code requirements as to plumbing, heating, wiring, or generally. The contractor gave estimates as to the cost of putting the properties into tenantable condition, testifying that to place in tenantable condition the property at 1408 Rockingham Road would cost $2500; the four-family apartment house, $17000; the property at 1414 Rockingham Road, $2400; and the property at 1418 Rockingham Road, $1800. The fourth single occupancy dwelling located at 210 Fillmore Street was not accessible to him

when he made his inspection so he did not testify as to its interior condition, but gave an offhand estimate that it would cost about $2000 to place it into what he considered to be tenantable condition. He further testified that much of the work required to be done to the five properties would be in the nature of capital improvements, and made no estimate as to how the cost could be broken down into capital improvements and repairs. He testified that from a dollar and cents standpoint the majority of the work would be involved in replacing plumbing, an electrical system and installing central heating. None of the properties had been equipped with central heating systems at any time, and the installation of central heating systems in the properties would obviously be in the nature of a capital improvement.

The appellee testified she has received the rents from the properties since 1928, following the probate administration of the estate of her husband, Adolph Offermann. She further testified there was a toilet in only one of the places when she took over the five dwellings, that was at 1408 Rockingham Road, and all of the other houses had outdoor toilets. The house at 1408 Rockingham Road had a bath, but none of the others did. None of the properties at that time had hot water heaters, and she installed them in all of the houses but not in the apartments. Some of these have been replaced in the interim. She installed toilets in all of the apartments, and in the house at 1418 Rockingham Road, although her impression was that that toilet was installed before the death of Mr. Offermann, Sr. She also installed a toilet in the house at 1414 Rockingham Road. In the interim she has reroofed all of the buildings. She also installed space heaters, and paid to have all of the properties piped for gas. She removed the porch on the apartment building, and installed new windows in the front of the house. She added concrete steps and back steps to one of the houses; put in new ceilings and new floors in certain of them. She expended money for

plumbing and heating repairs and for paint, and on occasions purchased paint and permitted the tenants to apply it, crediting their rental accounts for the work done. She expended moneys for electrical repair and maintenance, for plastering and for repairs to chimneys. She installed sidewalks in front of all the properties, and caused a barn to be razed due to the fact it was a fire hazard. The cost of all of the work done on the properties was borne by the appellee solely, and she never requested the appellant to contribute to the cost thereof, nor did the appellant at any time volunteer to defray the expense of any of the improvements to the property, nor at any time offer to make capital improvements to any of the properties in question.

The trial court in its findings of fact found the properties are in need of repairs, but further found for the most part they were in need of permanent capital improvements to put them in proper condition. The court failed to find that any competent evidence had been produced from which it could determine how much it would cost to make the necessary repairs and how much would be involved in making the required capital improvements, and that no testimony was adduced before it which would permit the court to allocate expenses between repairs or maintenance and improvements. The court further found the record did not disclose any waste permitted or committed by the appellee upon the properties from the date she entered into possession of them to the time of the trial in the lower court.

■ I. Appellant assigns as error the holding of the trial court that waste was not shown by a preponderance of the evidence, and contends that with the showing of waste the appellant made the finding of the trial court is clearly contrary to the weight of the evidence and should be set aside. Rule 179, R.C.P. We recognize the general rule that a life tenant must at his own expense make such repairs as are necessary to preserve the improvements and to prevent waste due

to their getting into a state of dilapidation, but that the life tenant is not bound to make extraordinary repairs which involve the substitution of new structures for old, or parts thereof for old. Shelangowski v. Schrack, 162 Iowa 176, 181, 143 N.W. 1081, 1083. In Re Estate of Dolch, 237 Iowa 1065, 1067, 24 N.W.2d 447, 448. Holzhauser v. Iowa State Tax Commission, 245 Iowa 525, 532, 62 N.W.2d 229, 233; Biddick v. Darragh, 246 Iowa 518, 525, 68 N.W.2d 285; 128 A.L.R. 252, et seq; 31 C.J.S. Estates § 44, pp. 55, 56. We are impressed with the testimony of a witness Bourdeau who testified for the appellant, identifying himself as the City Building Inspector for the city of Davenport, stating that as a part of his work he assisted the Board of Health and the plumbing and electrical inspectors and is the person who actually takes care of condemnations after the same have been ordered by the proper authority. He testified on cross examination, "It would be fair to say that these buildings had just worn out and that to put these back to present Code would necessitate permanent improvements and in some cases structural improvements". It occurs to us that this well characterizes the condition of the properties involved here.

■ II. Findings of fact in a law action are binding upon the appellate court if supported by substantial evidence. Rule 344(f) (1) R.C.P. If there is substantial supporting evidence, a finding of the court is conclusive on appeal. Dougherty v. Sioux City, 246 Iowa 171, 191, 66 N.W.2d 275, 286. Culligan Soft Water Service v. Berglund, 259 Iowa 660, 666, 145 N.W.2d 604, 607. A finding unsupported in the evidence, however, may be set aside. Swift v. Petersen, 240 Iowa 715, 721, 37 N.W.2d 258, 261; Miller v. Woolsey, 240 Iowa 450, 458, 35 N.W.2d 584, 589; Novak Equipment, Inc. v. Hartl, Iowa, 168 N.W.2d 924, 926. Findings of a trial court are to be broadly and liberally construed, rather than narrowly or technically. In case of doubt or ambiguity, findings will be construed to uphold,

rather than to defeat the judgment. Whenever, from the facts expressly found, others may fairly be inferred which will support the judgment such inference will be drawn. Rank v. Kuhn, 236 Iowa 854, 856, 20 N.W. 2d 72; Allied Mutual Casualty Co. v. Dahl, 255 Iowa 208, 220, 122 N.W.2d 270. The trial court's finding of fact has the force and effect of a jury verdict which will not be disturbed if based upon substantial proof. Short v. Martin, 255 Iowa 189, 192, 121 N.W.2d 154; Swift v. Petersen, supra, 240 Iowa p. 721, 37 N.W.2d 258.

Were we to conclude that the trial court's finding is clearly against the evidence and lacking in substantial support, we would not hesitate to so hold and set it aside. In Re Estate of Stuart, 184 Iowa 165, pages 170 and 171, 168 N.W. 779.

The finding of the trial court here was amply supported by the record evidence. The case is therefore affirmed.

Affirmed.

All Justices concur, except UHLENHOPP, J., who takes no part.