In the Matter of the ESTATE OF Dorothy GAUCH, Deceased.

Randall R. TIMM and Alphond M. Timm, Appellants,

v.

Melvin L. DYKSTRA, Fiduciary of the Estate of Dorothy Gauch, Deceased, Appellee.

No. 65441.

Supreme Court of Iowa.

July 15, 1981.

Carl E. Peterson and Ross Adair of Grimes, Peterson, Buck & Schoell, Marshalltown, for appellants.

Garold F. Heslinga and David D. Dixon of Heslinga & Heslinga, Oskaloosa, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves a claim against a life tenant's fiduciary based on waste. Our decision turns on our scope of review.

George Gauch died testate on May 5, 1957, survived by his widow Dorothy Gauch and his sister Bertha Gauch. He owned a farm in Jasper County, Iowa. Among the clauses in his will were these two:

SECOND: I give and bequeath to my wife, Dorothy Gauch, in the event she survives me and for the term of her natural life, the use, profits and income from any and all property of which I may die seized or possessed or to which I may be entitled and wheresoever situated, charging this bequest with payment of taxes, a suitable and reasonable amount of fire insurance with extended coverage on erections on real estate and with the repair, care and maintenance of said erections.

THIRD: If or in event any wife, Dorothy Gauch, does not survive me and in any event, upon the termination of the life estate devised and bequeathed to my wife, Dorothy Gauch, given and bequeathed in item two, I give, devise and bequeath to my sister, Bertha Gauch, of the Village of State Center, County of Marshall, State of Iowa, all the rest, residue and remainder of my property of which I die seized or possessed or to which I may be entitled, and wheresoever situated, to be her own, absolutely and forever.

The widow Dorothy had the choice of taking under or "against" the will. She and the sister Bertha entered into a settlement whereby Dorothy elected to take under the will and the two women adjusted their mutual affairs in other respects. The settlement reads thus:

It is hereby agreed by and between Bertha Gauch of Marshall County, Iowa, and Dorothy Gauch of Mahaska County, Iowa, in consideration of and in connection with the settlement of the estate of George Gauch, deceased, that Dorothy Gauch will relinquish, release, and convey to Bertha Gauch the home real estate in Eden Township and will file an election to take under the terms of the will of George Gauch, deceased; that in consideration thereof Bertha Gauch will pay to Dorothy Gauch the sum of Eight Thousand Five Hundred Dollars ($8,500.00) of which said sum Five Thousand Dollars ($5,000.00) will be used to pay and satisfy in full the mortgage encumbrance of the farm real estate located in Jasper County which is held by the National Farm Loan Association and the balance of the Three Thousand Five Hundred Dollars ($3,500.00) will be credited by Bertha Gauch for and by reasons of advances made to Dorothy Gauch of said sum by Bertha Gauch which sums were advanced to said Dorothy Gauch during the course of the Administration of the estate of George Gauch, deceased, particularly in payment of the last illness and burial and monument, and the erection of a bridge on the farm real estate.

All of which is agreed to this 21 day of October, 1958.

The will was admitted to probate, Dorothy accepted it, the estate was administered, and eventually the probate proceeding was closed. Dorothy was thus the life tenant of the Jasper County farm, and Bertha was the remainderman. The farm was operated during the life tenancy by a renter.

Bertha died on November 28, 1967. Claimants Randall R. and Alphond M. Timm purchased Bertha's remainder inter-

est in the farm from the fiduciary under her will. Thenceforth the Timms were the remaindermen.

Dorothy died on July 14, 1978, terminating the life estate. The Timms claim that between the time they acquired the remainder and the time of Dorothy's death, Dorothy allowed the farm to waste in several respects. They say that the buildings fell into disrepair, the fences deteriorated, a grove of trees died as a result of the rubbing of cattle, soil eroded in fields, and a bridge—mentioned in the settlement agreement—became unusable for heavy equipment. The Timms therefore filed a claim for damages in Dorothy's estate proceeding based on waste by the life tenant, and they asked treble damages in the amount of $75,-000 under the Iowa version of the Statute of Gloucester, chapter 658, The Code 1979.

The executor denied the claim, neither party demanded a jury, and the parties tried the claim to the court in probate. The court rendered findings of fact and conclusions of law. As to the facts relating to the buildings and fences, the court found inter alia that

no showing was made as to whether this was due to neglect or whether the same was due to "ordinary wear and tear", what should have been done, if anything, the cost of what claimants claim should have been done, nor whether the same would have constituted an improvement, replacement or repair. (Note there was substantial testimony concerning rebuilding and replacement of fences by the life tenant's tenant.[)]

Regarding the grove, the court similarly found, "Absent any showing of the normal life of such trees or what caused their death, no waste can be shown." Concerning soil erosion the court found, "Soil erosion does occur on most farms with slopes of any degree. The amount and extent of erosion, cause of the erosion, period of time over which the erosion occurred and the cost of prevention were not shown and should not be considered." With reference to the bridge the court found that the improvement was placed on the farm by the

life tenant herself. On the whole case the court stated, "The claimants have failed to prove their claim by a preponderance of the evidence," and denied the claim.

The Timms appealed. In this court they present a number of issues, but we go no farther than the first one. This issue involves our scope of review.

I. The Timms prosecuted their cause as a claim in probate. Section 633.33 of the Iowa Probate Code provides, "Actions . . . for the establishment of contested claims shall be triable in probate as law actions . . . ." The probate code makes the rules of civil procedure applicable to contested claims, in section 633.444:

Within twenty days from the filing of the request for hearing on a claim, the personal representative shall move or plead to said claim in the same manner as though the claim were a petition filed in an ordinary action, and thereafter, all provisions of law and Rules of Civil Procedure applicable to motions, pleadings and the trial of ordinary actions shall apply; provided, however, that a restatement of such claim shall not be barred by the provisions of section 633.410 [nonclaim statute].

Regarding trial of claims, section 633.447 provides:

The trial of a claim and offsets or counterclaims, if any, shall be to the court without a jury; provided, however, that the court may, in its discretion, either on its own motion or upon the motion of any party, submit the same to a jury; and provided further, that in the event that the amount of the claim or a counterclaim exceeds the sum of three hundred dollars, either party shall be entitled to a jury trial, if written demand therefor is made as provided in the Rules of Civil Procedure in relation to the trial of ordinary actions.

This claim was thus tried by ordinary proceedings.

II. In a case such as this one, trial by ordinary proceedings brings about two results insofar as a subsequent appeal is

concerned. The first is that the appellate court—whether this court or the Court of Appeals—does not review the case de novo. Rather, it corrects errors of law. This stems from article V, section 4, of the Iowa Constitution and sections 684.1 and 684.35 of the Code, implemented by rule 4 of the Rules of Appellate Procedure:

Review in equity cases shall be de novo. In all other cases the appellate courts shall constitute courts for correction of errors at law, and findings of fact in jury-waived cases shall have the effect of a special verdict.

Thus this court recently upheld fact findings denying a claim *at law* for waste. *Offerman v. Dickinson*, 175 N.W.2d 423, 425–26 (Iowa 1970). In contrast, this court reversed a judgment allowing such damages, under its de novo review of partition proceedings *in equity. Biddick v. Darragh*, 246 Iowa 518, 525–26, 68 N.W.2d 285, 288–89 (1955).

█ The second result is that when a trial court finds the facts against the party having the burden of persuasion, we reverse on the facts only if that party proved his case *as a matter of law.* Seldom does a party having the burden of persuasion so prove his case, *Davis v. Gatewood*, 228 N.W.2d 84, 85 (Iowa 1975), especially on issues, such as "reasonable" maintenance, which are not black or white. *See Johnson v. Svoboda*, 260 N.W.2d 530, 535 (Iowa 1977) (reasonable care).

█ III. The probate court found on the facts against the party having the burden of persuasion. The parties are not in disagreement about the general principle of *law* governing life tenants as stated in *Shelangowski v. Schrack*, 162 Iowa 176, 181, 143 N.W. 1081, 1083 (1913) (citations omitted):

Again, it is the general rule that a life tenant must, at his own expense, make such repairs as are necessary to preserve the improvements and to prevent waste due to their getting into a state of dilapidation. Of course, he is not bound to make extraordinary repairs, which involve the substitution of new structures for old, or parts thereof for old. But, if

he does so, he would not be allowed direct reimbursement therefor from the reversioners.

*See also Holzhauser v. Iowa State Tax Commission*, 245 Iowa 525, 532, 62 N.W.2d 229, 233 (1953) ("It is also [the life tenant's] duty to keep the place in repair from ordinary wear and tear."); *Hamilton v. Hamilton*, 140 Iowa 282, 284, 115 N.W. 1012, 1013 (1908); *Restatement of Property* § 139 (1936); 78 Am.Jur.2d *Waste* §§ 16–25 (1975); 93 C.J.S. *Waste* §§ 5–9 (1956). But the parties are poles apart on the *facts.*

The question is whether, under the quoted general principle of law, the evidence in the record in the Timms' favor is "so overwhelming that no other reasonable inference could be drawn." *Kurtenbach v. TeKippe*, 260 N.W.2d 53, 54 (Iowa 1977). We have examined the record, and it does not rise to that high level. Whether waste has been committed is ordinarily a question of fact, and this is so here. 2 H. Tiffany, *The Law of Real Property* § 630, at 631 (3rd ed. 1939 & Supp. 1981).

The bridge specifically involves an additional factor. The record and the settlement agreement indicate that this improvement was not a gift from Bertha, the remainderman. Dorothy gave up dower and other interests, and the money Bertha provided for the bridge appears to have been part of the exchange; Dorothy thus provided consideration for that money. We cannot say on the evidence the trial court was wrong, in substance, in finding that the bridge was provided by the life tenant.

█ Dorothy as life tenant could not subsequently obtain recompense for the bridge except by way of setoff, but she could not be charged with waste on account of it either. With regard to waste, a life tenant is chargeable with the condition of the property as it came to him at the inception of the life tenancy, not with improvements he himself adds which were not merely substitutionary. *See Booth v. Booth*, 114 Iowa 78, 79–80, 86 N.W. 51, 51–52 (1901); *Killmer v. Wuchner*, 79 Iowa 722, 724, 45 N.W. 299, 300 (1890). *See also Hamilton,*

140 Iowa 282, 284–85, 115 N.W. 1012, 1013 (1908); *Restatement of Property* § 139, Comment *c* (1936) ("deterioration of the land or structures from the condition in which such land and structures were *at the time of the commencement of the estate for life*"—emphasis added).

On the record we are thus bound by the trial court's finding that waste was not established by a preponderance of the evidence.

IV. This conclusion renders moot the several other issues the Timms raise in the appeal. We have assumed for purposes of decision that the general rule of liability for waste applies, which is broader than the limited language in the will. *See Restatement of Property* §§ 138–141 (1936). We have also so assumed that the action is not barred or limited by any statute of limitation. Likewise we have assumed without deciding that the Timms properly could, as they endeavored to do, show the condition of the property at the time of their acquisition of the remainder (rather than at the inception of the life tenancy), compared with its condition at the time of the termination of the life tenancy.

We realize that the ultimate results on appeals of waste cases may differ depending on the scope of review—on error or de novo. *Compare Offerman*, 175 N.W.2d at 425 (damage action, review on error) *with Biddick*, 246 Iowa at 519–20, 68 N.W.2d at 285 (partition suit, review de novo). Such occasional anomalies will continue to be unavoidable unless and until change is made in article V, section 4, of our constitution, which mandates the present modes of review and perpetuates the separation of law and equity for review purposes. We do not suggest, of course, that under de novo review we would decide the present facts differently than the trial court decided them. We have no occasion to consider that question.

AFFIRMED.