**In the Matter of the ESTATE of Mary JACKSON, Deceased.**

**No. 17997.**

Supreme Court of South Dakota.

Considered on Briefs March 18, 1993.

Decided Nov. 10, 1993.

sented for court approval. Brosnan filed a claim against the estate for necessary repairs due to the hail damage. Thereupon, the circuit court, acting as the probate court, approved the final accounting holding that the insurance proceeds belonged to Jackson's estate. Brosnan appeals.

Casey N. Bridgman, Wessington Springs, for appellant Ileane Brosnan.

No Appearance Made on Behalf of Appellee Estate.

## PER CURIAM.

Ileane Brosnan appeals a probate court order from the Fourth Judicial Circuit, relating to the distribution of insurance proceeds stemming from hail damage to the decedent's house. We reverse.

## FACTS

In February of 1968, Mary Jackson (hereinafter "Jackson") conveyed certain real property, including a house, to Iola Miller (hereinafter "Miller") and Ileane Brosnan (hereinafter "Brosnan"). However, Jackson retained a life estate in the real property and lived in the house until 1989 when she entered a nursing home. While she was in the nursing home, Jackson (or her guardian) continued to pay taxes and purchase insurance on the house.

A hail storm during May of 1991 caused substantial damage to the house. Jackson's insurance company examined the damage and began to process the claim. Jackson died on June 1, 1991. Miller was appointed executrix of Jackson's estate. Acting upon advice from the estate's attorney, Miller distributed the insurance proceeds ($5,713.50) between herself and Brosnan. Each received $2,856.75. Miller and Brosnan sold the house to Darrel Jackson for $7,000.

We deduce from the record that the estate's attorney changed his mind and decided the insurance proceeds belonged to the estate and should be distributed among the residuary beneficiaries. Brosnan objected when the estate's final accounting was pre-

## DECISION

Miller and Brosnan owned the house except for the life estate retained by Jackson. Jackson, as a life tenant, could use the property in any manner except that she could "do no act to the injury of the inheritance." SDCL 43–8–1. As a life tenant, Jackson also had the obligation to "keep the buildings and fences in repair from ordinary waste, and must pay the taxes and other annual charges, and a just proportion of the extraordinary assessments benefitting the whole inheritance." SDCL 43–8–2. In other words, Jackson was responsible to make necessary repairs to the house. *Id. See generally* 51 Am.Jur.2d Life Tenants and Remainderman § 259. *See, e.g., Offermann v. Dickinson,* 175 N.W.2d 423 (Iowa 1970); *Beliveau v. Beliveau,* 217 Minn. 235, 14 N.W.2d 360 (1944). If she failed to make such repairs, the remaindermen (Brosnan and Miller) would have been able to institute an action against her alleging waste. *See* Annotation, Right of Contingent Remaindermen to Maintain Action for Damages for Waste, 56 A.L.R.3d 677 (Supp.1992).

When Jackson died, the life estate ended. The probate court is specifically authorized to "fully and effectually adjudicate" the termination of a life estate. *See* SDCL 30–23–41. However, the probate court focused only on the issue of whom was entitled to receive the insurance proceeds. The probate court correctly concluded that since Jackson would have received those insurance proceeds if she had lived, her estate should receive them upon her death. The probate court failed to consider Jackson's responsibility to repair the life estate property. Since the house was damaged during her life estate, Jackson had an obligation to make necessary repairs. SDCL 43–8–2. After her death, her estate

was responsible to fulfill that obligation.* We reverse.

MILLER, C.J., and HENDERSON, WUEST, SABERS and AMUNDSON, JJ., participating.

---

* SDCL 30-15-1 provides:
   Actions for the recovery of property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates.